**John Frank COOK Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 07–96–0167–CR, 07–96–0168–CR.**

Court of Appeals of Texas, Amarillo.

Feb. 14, 1997.

Rehearing Overruled March 17, 1997.

Warner, Finney & Warner, Michael A. Warner, Pampa, for appellant.

Roland Saul, Criminal District Attorney, Wm. Chris Strowd, Hereford, for appellee.

Before DODSON, QUINN and REAVIS, JJ.

REAVIS, Justice.

In a consolidated trial, upon a plea of not guilty, appellant John Frank Cook Jr. was convicted by a jury of two offenses of making terroristic threats.[1] In cause number 95–0396 (our cause No. 07–96–0167–CR), the jury assessed punishment at seventy five days in jail and a $2,000.00 fine. In cause number 95–0397 (our cause No. 07–96–0168–CR), the jury assessed punishment at seventy five days in jail, probated for two years, and a $2,000.00 fine. Appellant now challenges his convictions by four points of error. We affirm.

The evidence reveals that on the evening of August 17, 1995, appellant twice telephoned Timothy Stagner, a former employee, and left two voice-mail messages. In addition, appellant left Stagner at least one other voice-mail message on August 20, 1995.

All three messages were recorded and played for the jury. During trial, upon agreement of appellant and the State, the two charged offenses of terroristic threat based upon the first two telephone messages were consolidated. At trial, appellant was not charged with the third message, but it was introduced into evidence by the State for the limited purpose of establishing appellant's specific intent to place Stagner in fear of imminent serious bodily injury.

Although we were initially reluctant to give judicial recognition to appellant's vulgar language by transcribing the messages into this opinion, we did so because it is necessary for proper sufficiency of the evidence review.

The contents of the three messages are as follows:

Message # 1

Hello this is John Cook my phone number is 364–2205. I was calling to tell the little no good spineless c__ksucking little motherf__er that if he would like to get his god damn head beat in, that he should come out to P.O. Box 157 Route 2 because I will sh__t in your f__king neck you little c__ksucker. Thank you very much, you have a wonderful day, you little spineless f__king prick.

Message # 2

Hey you little spineless c__ksucker, I want you to understand, yes this is John Cook **I am calling you to tell you I'm going to beat the sh__t out of you.** You f__king find me and I'll take care of your ass. Yes, John Cook, P.O. Box [751] Hereford, TX. You little prick **I'm going to beat your f__king head in.** You come and find me, yes **this is a god damn threat** so I suggest you keep this message and you use it because your gonna need it, you little spineless motherf__ker you. You better call me and you better call me quick O.K.? You little f__king c__ksucker, you understand what I'm saying. Thank you very much, you little prick.

Message # 3

Tim this is John Cook, you don't need my name and number, this is John Cook, I'm going to tell you something you little c__ksucker, you f__king show up and I'll pull your motherf__king head off. And if you want to give this to the police you f__king show up c__ksucker because I will pull your motherf__king head off. You show up and I will kick your f__king ass and I think you'd better listen to this god damn message. **You turn this over to the D.A. because I want 'em to hear it because I'm going to f__k up your god damn ass.** You little no good c__ksucking motherf__ker **I'm looking for your ass and when I find you I will f__k you up.** Don't forget it asshole. You're a c__ksucking motherf__ker, you got it, goodbye.

Emphasis added.

During the guilt-innocence phase of trial, appellant stipulated to the fact that he left all

---

1. A person commits the misdemeanor offense of terroristic threat if he "threatens to commit any offense involving violence to any person or prop-erty with intent to ... place any person in fear of imminent serious bodily injury...." Tex. Penal Code Ann. § 22.07(a)(2) (Vernon 1994).

three voice-mail messages, although he maintained that he could not remember doing so. Appellant's sole contention at trial, as now, is that these threats do not support a finding that he intended to place anyone in fear of "imminent serious bodily injury," as is required to establish the offense of terroristic threat under section 22.07 of the Texas Penal Code. Based upon the evidence presented, the jury found appellant guilty of committing two offenses of terroristic threat.

In points of error one, two and four, appellant challenges the sufficiency of the evidence to support his convictions. Specifically, he contends that because his telephone messages were "conditional threats" of future harm, they cannot support a finding that he intended to place Stagner in fear of "imminent serious bodily injury." Further, he contends that because the threats were left on Stagner's voice-mail, and because Stagner was out of town when the threats were made, they cannot be considered "imminent" as is required to support his convictions for terroristic threat. Because appellant does not explicitly state whether he is contesting the factual or legal sufficiency of the evidence, and due to the recent decision in *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr.App.1996), we will, in the interest of justice, review the evidence in light of both of the respective evidentiary standards of review.

In reviewing the legal sufficiency of the evidence to support a conviction, this Court is required to make the critical inquiry as to whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Cr.App.1988). The legal sufficiency of the evidence is thus a question of law. *Johnson v. State,* 903 S.W.2d 496, 497 (Tex. App.—Fort Worth 1995, no pet'n).

■ A person commits the offense of terroristic threat if he threatens to commit any offense involving violence to any person . . .

with intent to place any person in fear of imminent serious bodily injury. Tex. Pen. Code Ann. § 22.07(a)(2) (Vernon 1994).[2] A threat is defined as, "a declaration of intention or determination to inflict punishment, loss or pain on another, or to injure another by the commission of an unlawful act." Black's Law Dictionary 1480 (6th ed. 1990). A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Pen.Code Ann. § 6.03(a) (Vernon 1994). Imminent has been defined as meaning "near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *Devine v. State,* 786 S.W.2d 268, 270 (Tex.Cr.App.1989).

■ The accused's threat of violence, made with the intent to place the victim in fear of imminent serious bodily injury, is what constitutes the offense. *Dues v. State,* 634 S.W.2d 304, 306 (Tex.Cr.App.1982). The requisite intent can be inferred from the acts, words, and conduct of the accused. *Beltran v. State,* 593 S.W.2d 688, 689 (Tex. Cr.App.1980).

■ Section 22.07 does not require the victim or anyone else to be actually placed in fear of imminent serious bodily injury. *Dues v. State,* 634 S.W.2d at 305. The offense is complete if the accused, by his threat, sought as a desired reaction, to place a person in fear of imminent serious bodily injury. *Id.* at 306. It is immaterial to the offense whether the accused had the capability or the intention to carry out his threat. *Id.* at 305.

■ The evidence showed that appellant left not one, not two, but three messages on Stagner's voice-mail, the first two of which were in rapid succession. Since intent can be inferred from words, acts and conduct, we believe that a rational jury could reasonably find, both from the number of messages, and from the appellant's choice of words, that he

---

**2.** References herein to Section 22.07 are to that Section of the Texas Penal Code Annotated (Vernon 1994).

intended to put Stagner in fear of imminent serious bodily injury. In fact, appellant states in his second message that, "this is a g___ damn threat," and encourages Stagner to keep the message and use it against him. During the third message, appellant stated that he was looking for Stagner and that he would injure him when he found him. A rational jury could extrapolate from these words, and from the repetitive nature of the messages, that serious bodily injury was at hand; impending; on the point of happening; threatening; menacing and; perilous. *Devine v. State*, 786 S.W.2d 268, 270 (Tex.Cr. App.1989). We therefore determine that, when viewed in the light most favorable to the verdict, the evidence is legally sufficient to support the conviction.

To determine whether or not the evidence is factually sufficient to support appellant's conviction, this Court must review all the evidence without the prism of "in the light most favorable to the prosecution," and must set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d at 129. Furthermore, in viewing the factual sufficiency of the evidence to support a conviction, this Court will look at all of the evidence in the case that was adduced at both phases of the trial, not just that offered or presented by the State. *Davis v. State*, 440 S.W.2d 291, 293 (Tex.Cr. App.1969). Evidence presented at the punishment phase may be considered by this Court in determining whether the evidence is sufficient to sustain a guilty verdict. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Cr. App.) *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985); *Mata v. State*, 867 S.W.2d 798, ·806 (Tex.App.—El Paso 1993, no pet'n).

■ The question now before this Court is whether the evidence is factually sufficient to support the jury's finding that appellant had the requisite specific "intent" to place Stagner in fear of "imminent" serious bodily injury when he left the voice-mail messages. Appellant contends that since his threats were "conditioned" upon Stagner coming out to his P.O. Box, they cannot support a finding that he intended to create an "imminent"

threat. To support this contention, he relies upon *Bryant v. State*, 905 S.W.2d 457 (Tex. App.—Waco 1995, pet'n ref'd). However, *Bryant* is not applicable because the messages here are substantially different.

In *Bryant*, the defendant was so angry about the condition of the county road in front of his house, that he told the county commissioner if he was not out grading the road by the next day he was going to "kick his god damn ass." Because the Waco Court found this language to be too "conditional" to be an "imminent" threat, it reversed the appellant's conviction for insufficient evidence. In *Bryant*, the defendant made one threat that was clearly conditioned upon the victim not showing up to grade the road the next day. By contrast, in this case appellant made repeated threats which were not unequivocally conditioned upon the occurrence or non-occurrence of a particular event. In direct contrast to the facts in *Bryant*, appellant here stated in the third message that he was looking for Stagner. Furthermore, three messages can be reasonably interpreted to mean that he intended to place Stagner in fear, regardless of what Stagner did or didn't do.

■ Moreover, conditioning a threat of harm on the occurrence or non-occurrence of a future event does not necessarily mean that the harmful consequences threatened are not imminent. One must look to the proximity of the threatened harm to the condition. *Green v. State*, 567 S.W.2d 211, 213 (Tex.Cr.App. 1978).

In the instant case, appellant left three extremely vulgar telephone messages. Although some, or parts of the statements, when considered independently and out of context, as appellant would have us do, may appear to be conditioned upon Stagner going to appellant's P.O. Box, a rational person hearing these messages would likely consider them in their totality. When these messages are considered in their entirety, as they were by the jury, their cumulative effect gives credence to the jury's finding that appellant intended to place Stagner in fear of imminent serious bodily injury. Furthermore, it would be an intellectual injustice and a farce for us to methodically dissect the messages word by

word, and phrase by phrase to determine some ratio of conditional to non-conditional language. It is clear, both from appellant's choice of words and from his persistence in leaving the three messages, that he intended their effect to be cumulative.

■ Appellant also contends that because the messages were made by voice-mail, and because Stagner was out of town at the time, the evidence is insufficient to support the convictions. As previously noted, the crime is complete if the accused sought, as a desired reaction, to place a person in fear of imminent serious bodily injury. *Dues v. State*, 634 S.W.2d at 306. It is immaterial to the offense whether the accused had the capability or the intention to carry out his threat. *Id.* at 305. Consequently, it makes no difference whether the intended victim is out of town, because the crime does not require the victim to be actually placed in fear of imminent serious bodily injury. *Id.* Furthermore, we are not persuaded that threats by voice-mail messages which state that a person is being sought, should prevent a threat from being imminent. When appellant telephoned with the specific intent to put the listener in fear of imminent serious bodily injury, then it is of no consequence whether the message was heard live, or recorded and heard later. We, therefore, conclude that when the evidence is viewed in its totality, it is factually sufficient to sustain appellant's conviction.

■ Furthermore, it is well settled in Texas law that when, at the punishment phase of trial, the defendant admits his guilt to the crime of which he has been found guilty, he waives all nonjurisdictional defects which may have occurred during the guilt-innocence phase of trial. *DeGarmo v. State*, 691 S.W.2d at 661; *Barrett v. State*, 900 S.W.2d 748, 750 (Tex.App.—Tyler 1995, pet'n ref'd). At the punishment phase, the following testimony was elicited from appellant by the State:

Q. Mr. Cook, you've heard the jury and their verdict in this case that you're guilty; is that correct?

A. Yes, sir.

Q. Do you respect this jury's verdict?

A. Yes, sir, I do.

Q. Are you sorry for what has happened?

A. Very, extremely.

Q. Are you sorry, Mr. Cook, that you committed these two crimes?

A. Yes, sir, I am.

■ When appellant stated he was sorry he committed these two crimes, he effectively made a judicial admission. By doing so, appellant waived any and all potential sufficiency of the evidence points of error arising from the guilt-innocence phase of his trial. *DeGarmo v. State*, 691 S.W.2d at 661; *Gordon v. State*, 651 S.W.2d 793 (Tex.Cr.App. 1983); *Brown v. State*, 617 S.W.2d 234, 236 (Tex.Cr.App.1981). For all the aforementioned reasons, appellant's points of error one, two and four are overruled.

■ By his third point of error, appellant contends the trial court committed reversible error when it permitted the State to make an improper jury argument during the guilt-innocence phase. He correctly states that there was no evidence presented at trial upon which the trial court could justify overruling his objection to the State's reference to him as a "con man" during closing argument. Although we agree that the trial court erred, we disagree that it was reversible error. By admitting his guilt at the punishment phase, appellant waived any error which occurred when the State improperly made reference to him as a "con man" during closing arguments. *Barrett v. State*, 900 S.W.2d at 751. Further, during the guilt-innocence phase of trial, appellant stipulated that he made the three voice mail messages. Any error is therefore harmless error. Tex.R.App. P. 81(b)(2). Appellant's third point of error is overruled.

Accordingly, each judgment is affirmed.