NO. 12-01-00111-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MARY ZORN,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS







 Mary Zorn ("Appellant") appeals her conviction for terroristic threat, (1) for which she was
sentenced to probation for one year. Appellant raises one issue on appeal. We affirm.


Background

 On December 10, 1999, Appellant was involved in a verbal altercation with her next-door
neighbor, Melinda Key ("Key"). Appellant shouted obscenities at Key, who contacted police. Key
filed a criminal complaint against Appellant, who was ultimately cited for disorderly conduct. Key's
husband, Lowell Key, testified that on March 21, 2000, Appellant, from inside her house, made
verbal threats to kill his wife and children. Thereafter, Appellant was indicted for felony retaliation.
Appellant pleaded "not guilty" and a bench trial was held. Following the bench trial, the trial judge
found there to be insufficient evidence of retaliation, but determined that Appellant could be
convicted of terroristic threat, a lesser included offense. Appellant was sentenced to imprisonment
for 180 days in the Smith County Jail. However, the trial court suspended execution of the sentence
and placed Appellant on probation for one year.


Lesser Included Offense

 In her sole issue, Appellant contends that terroristic threat is not a lesser included offense of
retaliation. An offense is a lesser included offense if: (1) it is established by proof of the same or less
than all the facts required to establish the commission of the offense charged; (2) it differs from the
offense charged only in the respect that a less serious injury or risk of injury to the same person,
property or public interest suffices to establish its commission; (3) it differs from the offense charged
only in the respect that a less culpable mental state suffices to establish its commission; or (4) it
consists of an attempt to commit the offense charged or an otherwise included offense. Tex. Code
Crim. Proc. Ann. art. 37.09 (Vernon 1981). A person commits the offense of retaliation if he
intentionally or knowingly harms or threatens to harm another by an unlawful act in retaliation for
or on account of the service another as a person who has reported or who the actor knows intends
to report the occurrence of a crime. See Tex. Pen. Code. Ann. § 36.06(a)(1)(B) (Vernon Supp.
2002). Appellant was convicted of terroristic threat, which requires proof that Appellant threatened
to commit any offense involving violence to any person with intent to place a person in fear of
imminent serious bodily injury. See Tex. Pen. Code. Ann. § 22.07(a)(2). Appellant cites Coward v. State and Davis v. State, both of which hold that the terroristic
threat is not a lesser included offense of retaliation because retaliation does not require that the actor
threaten with the intent to place a person in fear of imminent serious bodily injury. See Coward, 931
S.W.2d 386, 389 (Tex. App.- Houston [14th Dist.] 1996, no pet.); Davis, 890 S.W.2d 489, 492 (Tex.
App.- Eastland 1994, no pet.); see also Helleson v. State, 5 S.W.3d 393, 396 (Tex. App.- Fort
Worth 1999, pet. ref'd). However, none of these cases involved the argument now raised by the
State that a lesser included offense can consist of an element that is not required to prove the greater
offense. See Cunningham v. State, 726 S.W.2d 151, 154-55 (Tex. Crim. App. 1985). In
Cunningham, the court of criminal appeals determined that if the facts required to satisfy the
elements of the greater offense can be used to satisfy the dissimilar element of the lesser offense,
then that offense is properly categorized as a "lesser included offense" of the greater offense. Id. at
154-55; see also Tex. Code Crim. Proc. Ann. art. 37.09. As such, we disagree with Appellant's
contention that terroristic threat cannot be a lesser included offense of retaliation as a matter of law. 
Rather, we will address such a question on a case-by-case basis. See Chanslor v. State, 697 S.W.2d
393, 396 (Tex. Crim. App. 1985).

 In the case at hand, we must determine whether the facts required to satisfy the elements of
retaliation could likewise be used to satisfy the dissimilar element of terroristic threat - that is, the
person making the threat intended to place the victim in fear of imminent bodily injury. See Tex.
Pen. Code. Ann. § 22.07(a)(2). Our review of the record uncovers no direct evidence that Appellant
intended to cause fear of imminent bodily harm to Key or any member of her family. However, the
State is not required to prove an actual admission by a defendant as to his own specific intent before
the appellant can be constitutionally convicted. See Hadnot v. State, 884 S.W.2d 922, 925 (Tex.
App.- Beaumont 1994, no pet.). The desired and sought after reaction of the listener, regardless of
whether the threat is carried out, constitutes some evidence of the intent of the protagonist. Id. at
925-26. In other words, the requisite intent can be inferred from the acts, words, and conduct of the
accused. See Cook v. State, 940 S.W.2d 344, 347 (Tex. App.- Amarillo 1997, pet. ref'd), citing
Beltran v. State, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980). Section 22.07 does not require the
victim or anyone else to be actually placed in fear of imminent serious bodily injury. See Dues v.
State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). Moreover, it is immaterial to the offense
whether the accused had the capability or the intention to carry out his threat. Id.

 In Cook, the appellant left various vulgarity-strewn voice-mail messages for the victim
threatening to beat him severely. See Cook, 940 S.W.2d at 346. The appellant argued that because
his telephone messages were "conditional threats" of future harm, they could not support a finding
that he intended to place the victim in fear of "imminent serious bodily injury" and further, that
because the threats were left on the victim's voice-mail, and because the victim was out of town
when the threats were made, the threats could not be considered "imminent." Id. at 347. 
Disagreeing with the appellant, the court held that a rational fact finder could determine, based on
the appellant's choice of words and the number of messages left, that the appellant intended to place
the victim in fear of imminent serious bodily injury. Id. at 347-48. 

 Here, Lowell Key testified that Appellant threatened to kill his wife and children. 
Appellant's threat was unconditional and communicated directly to Lowell Key. Murder is among
the most serious crimes a person can commit. See, e.g., K.L.M. v. State, 881 S.W.2d 80, 85 (Tex.
App.- Dallas 1994, no writ). Considering the ongoing conflict between the two families, it follows
that Lowell Key could hardly be expected to take lightly a death threat from Appellant, who lived
next door. See, e.g., George v. State, 841 S.W.2d 544, 547 (Tex. App.- Houston [1st Dist.] 1992),
aff'd, 890 S.W.2d 73 (Tex. Crim. App. 1994). As such, we conclude that there was evidence from
which the trial judge could infer that Appellant made the threat to kill Key and her children,
intending that her threat cause fear of imminent bodily harm. As the evidence of Appellant's threat
to kill made on March 21, 2000 was required to prove the crime of retaliation, but likewise was
probative of the dissimilar element required to prove the crime of terroristic threat, we conclude that
the trial judge committed no error in convicting Appellant of the lesser included offense of terroristic
threat. Appellant's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


 LEONARD DAVIS 

 Chief Justice


Opinion delivered April 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.




 








(PUBLISH)



1. See Tex. Pen. Code. Ann. § 22.07 (Vernon 1994).