COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

LARRY CLAUDE POUNCY,                              )

                                                                              )              
No.  08-04-00210-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
209th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Harris County, Texas

Appellee.                           )

                                                                              )                    (TC# 959,670)

                                                                              )

 

 

O
P I N I O N

 

Appellant appeals
his conviction for aggravated assault. 
After finding him guilty, the jury assessed a punishment of 17 2 
years=
confinement.  On appeal, Appellant
asserts that the evidence was legally and factually insufficient to support his
conviction, and that the trial court committed error by denying his request for
an instruction on a lesser-included offense of class C misdemeanor
assault.  We affirm.

On June 2, 2003,
Dennis J. Barton and Kelly Lewis were working at the Buell Door 

Company located at 330 West 38th
Street in Houston, Texas.  Mr. Lewis
testified that he was in the back of the shop when he heard a noise at the back
door of the building.  He was about five
feet from the back door.  Outside, he saw
a man, later identified as the Appellant, riding a bicycle and carrying an
aluminum rod that had be stored on a rack outside the back door.  








Mr. Lewis
testified that the Appellant stopped and put the aluminum down after
Mr. Barton said something to the Appellant.  Appellant started walking away, and Mr. Lewis
then picked up the piece of aluminum, while Mr. Barton followed the
Appellant.  Mr. Lewis testified that he
was standing about five feet away from Mr. Barton when he heard Mr. Barton  tell Appellant that he had to Aget on down the road.@ 
Appellant then pulled out from behind his back what Mr. Lewis described
as a  switchblade or sword.  Appellant was holding the blade in his left
hand, but he testified that Appellant was not pointing the blade at Mr. Barton,
that he just pulled it out Appellant came toward Mr. Barton and said Ayou got your stuff, now leave me alone.@ 
Appellant then put his knife away, got his bike, and started walking
down the set of tracks located near the building.

Mr. Barton also
testified, recapping the same events. 
Mr. Barton testified that he asked the Appellant Awhat
the hell he was doing@
and Appellant responded by telling Mr. Barton Adon=t worry about what I=m doing, you got your stuff back.@ 
Mr. Barton then told the Appellant that he had to Aget the hell on out of here.@ 
Appellant then pulled out a knife from behind his back, walked toward
Mr. Barton with the blade exposed and told him in a serious manner, Adon=t
tell me what to do.@  The Appellant came about sixteen feet away
from Mr. Barton.  Appellant was holding
the knife in his left hand and was pointing the knife towards Mr. Barton.  

As Appellant
approached, Mr. Barton backed up to get a fence between him and the
Appellant.  He grabbed his cell phone and
called his friends that were in the shop next door.  As he was talking on the phone, Appellant
turned around, put the knife away, got on his bike, and rode away.  Mr. Barton then called the police.








In Issues One and
Two, Appellant challenges the legal and factual sufficiency of the evidence to
support his conviction.  Specifically,
Appellant argues that the evidence was legally and factually insufficient to
support the finding of the deadly weapon and imminent bodily injury elements of
aggravated assault.

Standards
of Review

In reviewing the
legal sufficiency of the evidence, we view the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2788‑89, 61 L.Ed.2d 560 (1979); Burden
v. State, 55 S.W.3d 608, 612 (Tex.Crim.App. 2001).  We do not resolve any conflict of fact, weigh
any evidence, or evaluate the credibility of any witnesses, as this was the
function of the trier of fact.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v.
State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is to determine whether
both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence admitted at trial in the light most favorable to the
verdict.  See Adelman, 828 S.W.2d
at 421‑22.  In so doing, any
inconsistencies in the evidence are resolved in favor of the verdict.  Matson, 819 S.W.2d at 843.








In reviewing the
factual sufficiency of the evidence, we must determine whether considering all
the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004); see also Clewis v.
State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996).  There are two ways in which we may find the
evidence to be factually insufficient.  Zuniga,
144 S.W.3d at 484.  Evidence is factually
insufficient when the evidence supporting the verdict, considered alone, is too
weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Evidence is also insufficient when contrary evidence is so strong that
guilt cannot be proven beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 485.  However, in our factual sufficiency review,
we must give appropriate deference to the jury and should not intrude upon its
role as the sole judge of the weight and credibility given to evidence
presented at trial.  See Johnson v.
State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis, 922 S.W.2d at
133.  Accordingly, we are authorized to
set aside the jury's finding of facts only in instances where it is manifestly
unjust, shocks the conscience, or clearly demonstrates bias.  Clewis, 922 S.W.2d at 135.

Aggravated
Assault 








A person commits
the offense of assault if the person intentionally or knowingly threatens
another with imminent bodily injury.  See
Tex.Pen.Code Ann. ' 22.01(a)(2)(Vernon Supp. 2004‑05).  Aggravated assault occurs if the person
commits an assault under Section 22.01 and the person uses or exhibits a deadly
weapon during the assault.  See Tex.Pen.Code Ann. ' 22.02(a)(2).  A deadly weapon is defined as anything that
in the manner of its use or intended use is capable of causing death or serious
bodily injury.  See Tex.Pen.Code Ann. ' 1.07(a)(17)(B)(Vernon Supp.
2004-05).  It is settled that while not
every type of knife is per se a deadly weapon, any knife can‑‑by
virtue of its use‑‑become a deadly weapon.  See, e.g., McCain v. State, 22 S.W.3d
497, 502‑03 (Tex.Crim.App. 2000). 
It is the use or exhibition of a deadly weapon, not the identification
or the name of a particular type of knife, that is an element of aggravated
assault.  Tex.Pen.Code Ann. '
22.02(a)(2).  Factors to consider in
determining whether a knife is a deadly weapon include the dimensions and
sharpness of the knife, nature or existence of wounds, manner of its use,
testimony of its life-threatening capabilities, and the physical proximity of
the accused and the victim.  Thomas v.
State, 821 S.W.2d 616, 620 (Tex.Crim.App. 1991).  The State is not required to offer the deadly
weapon into evidence to meet its burden of proof.  Victor v. State, 874 S.W.2d 748, 751
(Tex.App.--Houston [1st Dist.] 1994, pet. ref=d),
citing Morales v. State, 633 S.W.2d 866, 868 (Tex.Crim.App. [Panel Op.]
1982).  It is also not necessary that the
knife inflict wounds.  Birl v. State,
763 S.W.2d 860, 863 (Tex.App.--Texarkana 1988, no pet.); see Brown v. State,
716 S.W.2d 939, 946 (Tex.Crim.App. 1986). 
Imminent means A>near at hand; mediate rather than
immediate; close rather than touching; impending; on the point of happening;
threatening; menacing; perilous.=@ 
Devine v. State, 786 S.W.2d 268, 270 (Tex.Crim.App. 1989); Cook
v. State, 940 S.W.2d 344, 347 (Tex.App.--Amarillo 1997, pet. ref=d). 
Conditioning a threat of harm on the occurrence or nonoccurrence of a
future event does not necessarily mean that threat is not imminent.  Cook, 940 S.W.2d at 348.

Viewing the
evidence in the light most favorable to the verdict, the evidence showed that
on June 2, 2003, Appellant and Mr. Barton had a brief encounter wherein it is
undisputed that Appellant brandished a knife. 
Mr. Barton testified that when he asked the Appellant to leave the
property, Appellant responded by pulling out a knife and pointing it at Mr.
Barton.  Appellant then walked towards
Mr. Barton and in a serious manner told Mr. Barton not to tell him what to
do.  Appellant approached to about
sixteen feet from Mr. Barton.  Mr. Barton
described the knife as having a blade about a foot long and half-inch wide,
with a yellow and brown handle.








Mr. Barton
testified that when he saw the knife, he feared for his life and that he tried
to keep himself apart from the Appellant. 
He testified that he thought Appellant could have hurt him, stabbed him,
and caused him bodily injury.  He also
testified that he thought a knife could cause serious bodily harm or death to
anyone.  He further testified that he
believed from where the Appellant was standing, Appellant could have taken the
knife, thrown it at him, and hit him.  On
cross-examination, Mr. Barton agreed with Appellant=s
counsel that from where the Appellant was standing, Appellant could not have
cut him.  Mr. Barton however did believe
that he could have thrown the knife at him. 
When Appellant=s
counsel asked him again if he agreed that from the distance the Appellant and
he were standing, Appellant was not going to be able to cause him any injury,
Mr. Barton responded that he was not going to give him a chance to do so.  When asked a third time, Mr. Barton finally
stated that Appellant would not be able to harm him from that distance.

Mr. Lewis
testified that Appellant held the knife as if only to display it.  But he also testified that Mr. Barton was in
a better location to see the Appellant and that he was standing farther away
from them.  Officer Stephens testified
that in his training, a knife is considered a deadly weapon.

Under our legal
sufficiency standard of review, any inconsistencies in the evidence are
resolved in favors of the verdict.  See
Matson, 819 S.W.2d at 843.  The jury
as the trier of fact, was the sole judge of the credibility of the witnesses
and of the weight to be given to their testimony.  From the testimony of Mr. Lewis and Mr.
Barton, any rational trier of fact could have found that Appellant committed
the deadly weapon and imminent bodily injury elements of aggravated assault
with a deadly weapon beyond a reasonable doubt. 
We therefore concluded that the evidence was legally sufficient to
sustain Appellant=s
conviction. 








The contradicting
evidence was not so strong that the Abeyond
a reasonable doubt@ standard
could not have been met.  The fact that
Mr. Lewis=s and Mr.
Barton=s
testimony regarding how the knife was displayed was different does not make the
verdict so against the overwhelming weight of the evidence as to be clearly
wrong and unjust.  There is nothing in
the record to suggest that the jury=s
resolution of this conflicting testimony was not reasonable given the fact that
Mr. Lewis was further away from the Appellant. 
After reviewing all of the evidence in a neutral light, we hold that the
evidence was sufficient to show the Appellant knowingly or intentionally
threatened Mr. Barton with imminent bodily injury and that Appellant used a
knife as a deadly weapon during the commission of the offense.  We overrule Issues One and Two.  

In Issue Three,
Appellant contends that the trial court err in refusing to instruct the jury on
the lesser-included offense of assault. 
We apply a traditional two‑prong test to determine whether
Appellant was entitled to a charge on a lesser‑included offense.  See Moore v. State, 969 S.W.2d 4, 8
(Tex.Crim.App. 1998); Rousseau v. State, 855 S.W.2d 666, 672‑73
(Tex.Crim.App. 1993), cert. denied, 510 U.S. 919, 114 S.Ct. 313, 126
L.Ed.2d 260 (1993); Heiringhoff v. State, 130 S.W.3d 117, 125‑30
(Tex.App.‑-El Paso 2003, pet. ref=d).  First, we determine whether the offense is a Alesser included offense@ as defined in Article 37.09 of the
Texas Code of Criminal Procedure, which in most cases require deciding whether
the Alesser
included offense must be included within the proof necessary to establish the
offense charged . . . .@  Bignall v. State, 887 S.W.2d 21, 23
(Tex.Crim.App. 1994); see Tex.Code
Crim.Proc.Ann. art. 37.09 (Vernon 1981); Ramirez v. State, 976
S.W.2d 219, 226‑27 (Tex.App.‑-El Paso 1998, pet. ref=d). 
Second, the record must show some evidence that would permit a rational
jury to find that if the defendant is guilty of an offense, he was guilty only
of the lesser offense.  Feldman v.
State, 71 S.W.3d 738, 750‑51 (Tex.Crim.App. 2002).








The State does not
contest that assault is a lesser included offense of alleged aggravated assault
which requires use of a deadly weapon. 
Therefore, the lesser included offense instruction was required if there
is some evidence that Appellant did not exhibit a deadly weapon.  The Appellant did not testify at trial.  It was undisputed that Appellant pulled out a
knife from behind his back and some testimony that he pointed it at Mr. Barton.  The mere exhibition of the knife was
sufficient evidence of usage of a deadly weapon.  See McCain, 22 S.W.3d at 503.  There was no evidence in this record to
support a finding that Appellant was only guilty of assault.  Consequently, Appellant was not entitled to
an instruction on a lesser-included offense of assault.  See Feldman, 71 S.W.3d at 750-51.  We therefore overrule Issue Three.

We affirm the
trial court=s
judgment.

 

 

August
11, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)