Affirmed and Memorandum Opinion filed June 14, 2007








Affirmed and Memorandum Opinion filed June 14, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00395-CR

____________

 

MAXIMILIANO CANASTU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 1053809

 



 

M E M O R A N D U M    O P I N I O N

Appellant, Maximiliano Canastu, appeals his conviction in a
bench trial for the felony offense of endangering a child.  After finding him
guilty, the trial court assessed appellant=s punishment at
confinement in the Texas Department of Criminal Justice, State Jail Division
for a term of  six months.  In two points of error appellant contends (1) the
evidence is legally and factually insufficient to prove he was the person who
committed the offense, and (2) the evidence was legally insufficient to prove a
child was in imminent danger of death or bodily injury.  We affirm.








Rafael Lopez was driving down the street when a car driven
by appellant, pulled out of a parking lot, hitting his car on the passenger=s side.  The car
in question kept moving, turned 180 degrees, and fled the scene of the
accident.  Lopez gave chase.  Teresa Garcia, riding in the front passenger=s seat, was able
to get a license plate number from the fleeing car.  The car ran a red light,
and Lopez momentarily lost sight of the vehicle.  Garcia called 911 while Lopez
headed in the direction the car was going.  They caught up with the car, which,
according to Garcia, appeared to lose control and almost hit the large windows
of a car dealership before returning to the road and almost hitting them
again.  With the windows down in both vehicles, Garcia heard a young child
crying and screaming and observed an eight-year old boy in the backseat.  Lopez
continued to follow the car. The car ran another red light, and then turned
into the parking lot of an apartment complex and hit a parked car.  Appellant
jumped out of the car, ran off, and Lopez chased him.  Garcia went over to the
boy.  He was crying so hard he could not speak.  

Houston Police Officer Tyrus Fontenot, who was at the
apartment complex on an unrelated matter, observed the collision.  He quickly
learned the details of the incident from Garcia, and questioned the frightened
boy, who told him appellant was a friend of the family named AMaximiliano.@  The boy then
gave Fontenot the address where he believed appellant lived.  Fontenot went to
the apartment, but was refused consent to search.  A resident told Fontenot he
had seen appellant go out the patio doors.  Fontenot saw the patio door was
open and radioed other officers the direction appellant ran.  Another resident
told the officers she had seen appellant go into another apartment.  The
officers went to the apartment and, based on a description, arrested
appellant.  They brought appellant back to where Fontenot, Garcia, and the boy
waited.  All three identified appellant as the driver of the car.








          A
person commits the offense of child endangerment if he intentionally,
knowingly, recklessly, or with criminal negligence, by act or omission, engages
in conduct that places a child younger than 15 years in imminent danger of
death, bodily injury, or physical or mental impairment.  Tex. Penal Code Ann. ' 22.041(c) (Vernon
Supp. 2006).  In his first point of error, appellant argues he is not the
person who endangered the complainant and, therefore, the facts are legally and
factually insufficient to support his identification as that person.

In assessing the legal sufficiency of the evidence, the
reviewing court considers all of the evidence in the light most favorable to
the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Threadgill
v. State, 146 S.W.3d 654, 663 (Tex. Crim. App. 2004).  This standard of
review applies to cases involving both direct and circumstantial evidence.  King
v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  Although we consider
all evidence presented at trial, we may not re-weigh the evidence and
substitute our judgment for that of the trier of fact.  King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  








Garcia=s car was hit on the passenger=s side, directly
where she was sitting.  She had approximately 15 seconds to focus on appellant=s face.  Garcia
copied the license plate number from the car as it drove away, and followed the
car to the apartment parking lot.  Fontenot observed appellant hit a parked
car, and again saw appellant from the side and back as he exited the car.  The
boy who was riding in the car told Fontenot appellant=s name was AMaximiliano,@ and he was a
friend of the family who had borrowed their car.  He also gave Fontenot AMaximiliano=s@ address, where
appellant was seen leaving through the back patio door.  After appellant=s arrest, Garcia,
Fontenot, and the boy all identified appellant as the driver of the car.[1] 
Garcia and Fontenot also identified appellant at trial from his presence, as
well as a photograph taken after his arrest.  Both Garcia and Fontenot
testified the photograph represented what appellant looked like the day of the
incident, and it appeared he had cut his hair since that time.  Viewing the
evidence in the light most favorable to the verdict, we find the evidence is
legally sufficient beyond a reasonable doubt to support the identification of
the appellant as the person who endangered the complainant.

In conducting a factual sufficiency review, we view the
evidence in a neutral light and will set aside the verdict only if the verdict A>seems clearly
wrong or manifestly unjust=@ or A>against the great
weight and preponderance of the evidence.=@  Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006) (quoting Watson v.
State, 204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006).  Such a review
requires us to consider all of the evidence, both direct and circumstantial.  Id.;
King, 29 S.W.3d at 565; Kutzner v. State, 994 S.W.2d 180, 184
(Tex. Crim. App. 1999). While we must give due deference to the findings of the
fact‑finder, we may substitute our judgment for the jury's credibility
and weight determinations to a very limited degree.  Marshall, 210
S.W.3d at 625; Watson, 204 S.W.3d at 416‑17; see also Johnson
v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000) (holding factual
sufficiency review requires reviewing court to afford Adue deference@ to jury's
determinations); Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App.
1996) (factual sufficiency review requires Adeferential
standards of review applied@ to jury verdicts).  However, the
existence of contrary evidence is not enough to support a finding of factual
insufficiency. Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App.
2001).  An appellate court cannot declare a conflict in the evidence justifies
a new trial simply because it disagrees with the jury's resolution of that
conflict.  Watson, 204 S.W.3d at 417. Reversal for factual insufficiency
occurs only when there is some objective basis in the record that shows the
great weight and preponderance of the evidence contradict the jury's verdict.  Id.;
Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); Johnson,
23 S.W .3d at 11; Clewis, 922 S.W.2d at 129.

Our analysis must consider the evidence appellant claims is
most important in allegedly undermining the verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).  Here, appellant=s most important
claims appear to be a defense witness=s alibi testimony,
his own testimony, and Garcia=s credibility.








During trial, appellant called Clemente DeLeon as an alibi
witness.  DeLeon testified he was in the apartment when police arrested
appellant.  He stated police told him appellant had been in a car accident.  He
further testified he did not understand how, because appellant had been with
him in the apartment watching television and, furthermore, appellant did not
own a car, and did not know how to drive.  DeLeon stated appellant was
unemployed at the time of the incident.  DeLeon said he was employed as a
busboy from eight to five, but because the day was slow, he left early and was
with appellant from noon until the time of the arrest.  Appellant testified he
has never driven a car, he either walks or rides a bicycle.  He further said he
sat at his apartment all day watching television.

While the serious impeachment of a witness=s credibility may
bear upon the weight of his testimony when considering whether the verdict was
against the great weight and preponderance of the evidence, we do not judge the
credibility of a witness=s testimony.  The trier of fact is the
sole judge of the credibility of the witnesses and is free to believe or
disbelieve all, part, or none of any witness= testimony.  Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  Thus, Awe cannot re‑weigh
the evidence and supplant the role of the jury to resolve conflicts in
testimony and evaluate witness credibility@ even when
considering the issue of  factual sufficiency.  Whitmire v. State, 183
S.W.3d 522, 527 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
Here, appellant contends Garcia=s credibility was impeached by evidence
that (1) she had little or no opportunity to view the perpetrator, (2) she
identified the perpetrator=s vehicle as a light blue or green color
when it was, in fact, gray, (3) she was not wearing her glasses, and (4) the
pretrial identification procedure was unduly suggestive. 








Garcia testified she thought the car involved in the
accident was a light blue or light green four-door Ford, when in fact it was a
light gray, four-door Nissan.  Contradictions in a witness=s testimony do not
render the evidence insufficient, but affect its weight and credibility.  Losada
v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986).  Appellant argues
Garcia had little time to see him, and was busy dialing 911 during the chase. 
Garcia admitted she wore glasses at one time, had received no corrective
surgery, and did not have glasses on the day of the incident.  Appellant also
points to the fact that Garcia did not realize a child was in the car until
after the car almost hit the dealership windows and her car again, as
indicative of a questionable identification.  However, the license plate number
Garcia gave the 911 operator during the chase matched the car appellant
exited.  Garcia testified she was positive she had the correct car because the
car was wrecked in front and Asmoke was coming out.@  Moreover, Garcia
consistently identified appellant as the driver.  Appellant also contends
Fontenot did not see his face, just his side and his back.  However, Fontenot
gave a complete description of appellant that enabled other police officers to
arrest appellant without Fontenot being present.  Additionally, the boy told
Fontenot AMaximiliano@ was driving the
car, gave appellant=s address to Fontenot, and said he knew
appellant because he was a friend of the family.  After his arrest, all three
witnesses identified appellant as the driver of the car.

Because Garcia testified she got a good look at appellant
for approximately 15 seconds, she saw his face at a very short distance, she
correctly recorded appellant=s license plate, and she positively
identified appellant a short time after the accident, we do not find her
credibility to have been so heavily impeached to significantly lessen the
weight of her identification.  When faced with conflicting evidence, we presume
the trier of fact resolved conflicts in favor of the prevailing party.  Turro
v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  A decision is not
manifestly unjust merely because the trier of fact resolved conflicting views
of the evidence in favor of the State.  Cain v. State, 958 S.W.2d 404,
410 (Tex. Crim. App. 1997).  Viewing the evidence in a neutral light, we find
the verdict is not clearly wrong or manifestly unjust, nor is it against the
great weight and preponderance of the evidence.  Thus, having found the
evidence legally and factually sufficient to uphold the verdict, we overrule
appellant=s first point of error.








In his second point of error, appellant argues the evidence
was legally insufficient to prove a child was in imminent danger of death or
bodily injury.  Imminent means A[n]ear at hand; mediate rather than
immediate; close rather than touching; impending; on the point of happening;
threatening; menacing; perilous.@  In re A.C.,
48 S.W.3d 899, 904 (Tex. App.CFort Worth 2001, pet. denied) (quoting Black=s Law Dictionary 750 (6th ed. 1990)).  Thus, in
gauging imminence, we must look to the proximity of the threatened harm to the
condition.  Cook v. State, 940 S.W.2d 344, 348 (Tex. App.CAmarillo 1997,
pet. ref'd).  As discussed above, with the child in the car, appellant ran two
red lights, collided in two wrecks, fled the scene of an accident, and drove the
car recklessly and fast enough to almost drive through a car dealership=s windows and
almost have a third wreck.  Furthermore, after the second wreck, appellant fled
the scene without taking the child to a designated emergency infant care
provider, as charged in the indictment.  See Tex. Penal Code Ann. ' 22.041(h)
(providing an exception to the application of Section 22.041(c) if the actor
voluntarily delivers the child to a designated emergency infant care provider
under Section 262.302 of the Texas Family Code).  Viewing the evidence in a
light most favorable to the verdict as above, we find the evidence to be
legally sufficient to prove beyond a reasonable doubt the child was in imminent
danger while riding in the car with appellant and, thus, we overrule appellant=s second point of
error.

Having overruled appellant=s two points of
error, we affirm the judgment of the trial court.

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed June 14, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant challenges this pretrial identification as
a subpart of his first point of error.  However, trial counsel did not object
to this procedure and, thus, it is not preserved for appeal.  Tex. R. App. P. 33.1(a).  Moreover, A>sufficiency=
relates to whether the elements of an offense have been logically established
by all the evidence presented, both admissible and inadmissible.@  Hanks v. State, 137 S.W.3d 668, 671 (Tex.
Crim. App. 2004) (quoting Caddell v. State, 123 S.W.3d 722, 726 (Tex.
App.CHouston [14th Dist] 2003, pet. ref'd)).