FILED
October 14, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-15-00433-CR
7215141
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/2/2015 4:46:22 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00433-CR

\* \* \*

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/2/2015 4:46:22 PM
JEFFREY D. KYLE
Clerk

In The 3rd District
Court of Appeals of Texas

\* \* \*

Hector Hato Laboy

v.

The State of Texas

\* \* \*

Appealed from the
Travis County
County Court at Law No. 4
Trial Court Cause No. D-1-DC-13-204642

_____

APPELLANT'S BRIEF

_____

John S. Butler
State Bar No. 03526150
700 Lavaca Street, Suite 1400
Austin, Texas 78701
Telephone (512) 472-3887
Facsimile  (512) 233-1787
Email      butler@lawyer.com
ATTORNEY FOR APPELLANT

ORAL ARGUMENT REQUESTED

## Identities of Parties and Counsel

Appellant:          Hector Hato Laboy

Trial Counsel:         Donna Keith
               605 West Oltorf Street
               Austin, Texas 78755

Appellee:           The State of Texas

Appellant Counsel and
Trial Counsel:         Rosemary Lehmberg
               Travis County District Attorney
               P O Box 1748
               Austin, Texas 78767
                  -by-
               Kelly Gier
               Assistant District Attorney

Trial Judge:          Hon. Mike Denton
               P O Box 1748
               Austin, Texas 78767

# Table of Contents

Identity of Parties and Counsel …2

Table of Contents …3

Index of Authorities …4

Statement Regarding Oral Argument …4

Statement of the Case …5

Issues Presented …5

Statement of the Facts …5

Summary of the Arguments …7

Argument …10

Prayer for Relief …11

Certifications …13

## Index of Authorities

*Strickland v. Washington,* 466 U.S. 668 (1984) …8

*Devine v. State,* 786 S.W.2d 268 (Tex.Crim.App.1989) …7

*Cook v. State,* 940 S.W.2d 344 (Tex.App.—Amarillo 1997,) …7, 8

*In re A.C.* 48 S.W.3d 899 (Tex.App.—Fort Worth 2001) …7

*Davis v. State*, 413 S.W.3d.813 (Tex.App.—Austin 2013) …8

*Frangias v. State,* 392 S.W.3d 642 (Tex.Crim.App.2013) …8, 9

*Davis v. State*, 413 S.W.3d.813 (Tex.App.—Austin 2013) …9

United States Constitution Amendments 5 and 14 …9

Texas Constitution art. I §10 …9

TEX. PEN. CODE ANN. §22.07(a)(2) …9

BLACK'S LAW DICTIONARY (6th ed.1990) …7, 10

## Statement Regarding Oral Argument

Due to the fact-intensive nature of the arguments presented herein, Appellant requests that the Court hear oral argument.

## Statement of the Case

Appellant was placed on five years probation for the offense of Assault Family Violence, a third-degree felony. On June 12, 2015, a hearing was held on the State's Motion to Revoke Probation.  After hearing evidence and argument the trial court revoked Appellant's probation and sentenced him to three years imprisonment.

## Issues Presented

1. The trial court erred in finding that Appellant violated the term of his probation by committing the offense of Terroristic Threat.

2. Trial court counsel was ineffective in failing to object to testimony that was hearsay and violated Appellant's right to confrontation under Federal and State constitutional law.

## Statement of Facts

On August 12, 2013, Appellant Hector Laboy was placed on five years' probation for felony assault family violence.  On March 13, 2015, the State filed a Motion to Revoke Community Supervision, alleging that he submitted positive urine

specimens for controlled substances, he failed to submit a urine or breath specimen at his probation officer's request, failed to pay various court costs and fines, failed to have no contact with victim, committed the offense of Terroristic Threat on or about February 13, 2015, and committed the offense of Criminal Mischief on or about February 14, 2015. (Clerk's Record [CR] p.50). A hearing on this Motion was held on June 12, 2015. At the start of the hearing, The State waived the "no contact" allegation and the allegation of Terroristic Threat of February 13, 2015, while adding an allegation of Terroristic Threat on February 14, 2015. Appellant did not object to the amendments. (Court Reporter's Record [CRR] v.2 p.5.).

Appellant pled true to the allegations about controlled substances. (CRR. V.2 p.7).

Travis Lucas of the Smithville Police Department testified that he was responding to call of Criminal Mischief when he encountered Appellant, driving silver Honda sedan. As the call described the suspect leaving the scene in a silver Honda, the officer detained Appellant, searched his vehicle, and released him. Officer Lucas then proceeded to the scene, wherehe spoke to Jakuri McLaurin, who "informed [him] of the criminal mischief act." (CRR v. p.13) and that "Jacuri stated that he actually observed [Appellant] slash the tires." (CRR v.2 p.15). The office

also testified that he listened to a phone call (on speakerphone) received by Cassie Durfee, and that he recognized Appellant on the phone by his voice and his description of his recent encounter with Officer Lucas. According to Lucas, [Appellant] "stated that he was going to kill Jakuri." (CRR v.2 p.14).

## Summary of the Arguments

## There is insufficient evidence to support the conclusion that
## Appellant committed the offense of Terroristic Threat

The offense of Terroristic Threat requires that the victim be placed "in fear on imminent serious bodily injury." TEX. PEN. CODE ANN. §22.07(a)(2). Imminent means "[n]ear at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." BLACK'S LAW DICTIONARY 750 (6th ed.1990); *see also Devine v. State,* 786 S.W.2d 268, 270 (Tex.Crim.App.1989); *Cook v. State,* 940 S.W.2d 344, 347

(Tex.App.—Amarillo 1997, pet. ref'd). *In re A.C.* 48 S.W.3d 899, 904 (Tex.App.—Fort Worth 2001).

The injury in this case was not "on the point of happening." There was only: "He stated that he was going to kill Jakuri." (CRR v.2 p.14). In *Cook v. State*, the Amarillo Court of Appeals found sufficient evidence of Terroristic Threat where the defendant left three message "in rapid succession", explicitly stating "this is a g---damn threat" and that "he was looking for [his victim] and that he would injure him when he found him." *Cook v. State*, 940 S.W.2d 344, 348 (Tex.App.–Amarillo 1997). In this case, Appellant "stated that he was going to kill Jakuri" once, without elaborating, in a telephone call. (CRR v.2 p.14). Appellant had last been seen "leaving the scene." (CRR v.2 p.10).

**Trial court counsel was ineffective in failing to object to testimony that was hearsay and violated Appellant's right to confrontation under Federal and State constitutional law.**

> An ineffective assistance of counsel claim is subject to the *Strickland* standard, requiring a defendant to prove by a preponderance of the evidence that (1) counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and (2) the deficient performance prejudiced the defense.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

> An accused is not entitled to entirely errorless representation, and we look to the totality of the representation in gauging the adequacy of counsel's performance. *Frangias v. State,* 392 S.W.3d 642, 653 (Tex.Crim.App.2013). But even a single instance of counsel's error can rise to the level of deficient performance, "if the error was egregious and had a seriously deleterious impact on the balance of the representation." *Id.*

*Davis v. State,* 413 S.W.3d.813, 828 (Tex.App.—Austin 2013, pet. ref'd.).

In this case, the error was counsel's failure to object to the testimony of Travis Lucas: "I originally started talking to Jacuri [McLaurin] and he … informed me of the criminal mischief act, and he was showing me the tires." (CRR v.2 p.13). This was unadulterated hearsay. Tex. R. Evid 801(d); 802. It also violated Appellant's right to confront his accusers under the United States Constitution Amendments 5 and 14 and the Texas Constitution art. I §10. Insofar as this was the only evidence presented on the issue of whether Appellant committed the offense of Criminal Mischief, there could be no reason to allow this testimony to go unchallenged. If trial counsel had objected, it would have been excluded, and there would have been no evidence to support this particular allegation. Failure to object in this instance clearly "had a seriously deleterious impact." *Frangias* at 653.

## Argument

The State alleged in this case that Appellant violated the terms of his probation by (a) submitting positive urine specimens for controlled substances, (b) failing to submit a urine specimen when directed by his probation officer, (c) failure to pay money, (d) committing the offenses of Terroristic Threat and Criminal Mischief.

The written judgment notwithstanding, the trial court judge explicitly stated in open court that he was not revoking Appellant's probation because of money or urine samples. See CRR v.2 p.33: "I'm not concerned about fees." and CRR v.2 p.36: "[T]he missed UA's the positive UA's … I'm not going forward on that." The judge made it clear that his only bases for revocation were the two new offenses: "But I will go forward on what is correct, if I'm on probation for an assault and then I make threats, these kinds of threats as well as destroy property, sir, I do find that allegation -- those allegations true, so I am going to revoke your probation." (CRR v.2 p.36).

Though a threat was made, it did not rise to the level of "terroristic" because it was not imminent, not "[n]ear at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening;

menacing; perilous." BLACK'S LAW DICTIONARY 750 (6th ed.1990). Thus, no offense.

But for trial counsel's failure to object to testimony – about Criminal Mischief - that was clearly inadmissible on both hearsay and confrontation grounds, there would be no evidence at all to support the judge's decision to revoke Appellant's probation.

**Prayer**

WHEREFORE, Appellant prays this Court grant the request, and reverse the judgment and sentence of the trial court, and remand the case to the trial court for a new hearing. Appellant further requests any and all such other relief to which he may be entitled.

Respectfully submitted,

John S. Butler

ATTORNEY FOR APPELLANT
700 Lavaca Street, Suite 1400
          Austin, Texas 78701
Telephone (512) 472-3887
Facsimile   (512) 233-1787
STATE BAR #03526150

## CERTIFICATE OF SERVICE

As Attorney of Record for Appellant, I do hereby certify that a true and correct copy of this Appellant's Brief was this date provided to the District Attorney of Travis County, P O Box 1748, Austin, Texas 78767, via U.S. Mail.

Date: October 2, 2015

JOHN S. BUTLER
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

As Attorney of Record for Appellant, I do hereby certify that this document contains 1,679 words, as determined by Microsoft Word 2010, the computer program used to prepare the document.

Date: October 2, 2015

JOHN S. BUTLER
Attorney for Appellant