David Wayne BRYANT, Appellant

v.

The STATE of Texas, Appellee.

No. 10–94–177–CR.

Court of Appeals of Texas,
Waco.

Aug. 31, 1995.

Gary L. Medlin, Fort Worth, for appellant.

Mark F. Pratt, County Atty., Hillsboro, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

A jury convicted David Bryant of making a terroristic threat to Bud Raulston, a Hill County Commissioner, and assessed his punishment at ninety days in jail, probated. *See* TEX.PENAL CODE ANN. § 22.07(a)(2) (Vernon 1994). Specifically, the jury convicted him of intentionally threatening to commit an offense involving violence to Raulston, "by stating to [Raulston] that if [Raulston] did not grade the road in front of [Bryant's] house that he was going to kick [Raulston's] god damn ass, with intent to place [Raulston] in fear of imminent serious bodily injury...." Bryant contends he is entitled to an acquittal because the evidence is insufficient to prove that he intended to place Raulston in fear of *imminent* serious bodily injury. We agree.

On December 3, 1992, Raulston was sitting in his pickup on a county road in Hill County where his precinct road crew was grading a gravel road. Bryant and his wife drove by in their vehicle, and Bryant stopped to talk to Raulston. He was angry that the county road in front of his house was in such poor condition that an ambulance, which had recently come to take Bryant's mother to the hospital after she suffered a heart attack, was delayed almost an hour in transporting her to much-needed emergency medical care.[1] At first, Bryant sat in his vehicle while he complained to Raulston about the condition of the road.

---

1. Raulston admitted at trial that the gravel road in front of Bryant's house was virtually "impass- able."

**458**

When Raulston responded to Bryant's complaints with the comment, "I ain't no ambulance driver," Bryant jumped out of his vehicle and approached Raulston, who was still seated in his pickup. Raulston described the tone of their conversation at that point:

"[H]e said he was going to whup ... my god damn ass.... He said if I wasn't over there working his road immediately, the next day, that I better have Sheriff's deputies between me and him, because he was coming after my a double s."

When Bryant approached his pickup, Raulston believed that Bryant was going to attack him then, and Raulston said he was in fear of imminent serious bodily injury. Members of Raulston's road crew also witnessed the incident and testified that they believed Bryant was going to attack Raulston at that time. They described Bryant as yelling at Raulston in a loud voice and pointing his finger in Raulston's face.

Raulston admitted on cross-examination that one of Bryant's threats was made in the context of future violence: that "if [I] didn't come out there and blade his road in the future, then he was going to be on [me]." He reiterated, though, that Bryant had also threatened to "drag [me] out of the vehicle and whip [me] right then."

The State charged Bryant in two counts with making terroristic threats, and the court included both counts in the charge. However, the jury acquitted Bryant under count one, which was charged as follows:

NOW, THEREFORE, if you find and believe from the evidence beyond a reasonable doubt that [Bryant] ... did then and there intentionally threaten to commit an offense involving violence to [Raulston], namely, by stating to [Raulston] that he was going to whip [Raulston's] god damn ass with intent to place [Raulston] in fear of imminent serious bodily injury, then you will find [Bryant] guilty as to said Count One of the Information herein as charged.

If you do not so find and believe, or if you have a reasonable doubt thereof, you will find [Bryant] not guilty as to said Count One.

The jury, instead, convicted him under count two:

NOW, THEREFORE, if you find and believe from the evidence beyond a reasonable doubt that [Bryant] ... did then and there intentionally threaten to commit an offense involving violence to [Raulston] namely, by stating to [Raulston] that if [Raulston] did not grade the road in front of [Bryant's] house that he was going to kick [Raulston's] god damn ass, with intent to place [Raulston] in fear of imminent serious bodily injury, you will find [Bryant] guilty of Count Two of the Information herein as charged.

Thus, the charge authorized the jury to convict Bryant under count two if it found from the evidence beyond a reasonable doubt that he (1) intentionally threatened to commit an offense involving violence to Raulston, (2) by stating to Raulston that if he did not grade the road in front of Bryant's house that "he was going to kick [Raulston's] god damn ass," (3) with intent to place Raulston "in fear of imminent serious bodily injury."

■ Bryant's first point is that the evidence is insufficient to prove that Raulston was in fear of imminent injury. The State points out, quite correctly, that section 22.07 does not require the victim or anyone else actually to be placed in fear of imminent serious bodily injury. *See Dues v. State,* 634 S.W.2d 304, 305 (Tex.Crim.App. [Panel Op.] 1982). However, the State construes Bryant's first point too narrowly because, in the argument under his point, Bryant attacks the sufficiency of the evidence to prove the third element charged—*i.e.,* that he acted with the *intent* to place Raulston in fear of imminent serious bodily injury. He asserts, essentially, that a conditional threat of future violence, which is the second element charged, is insufficient to prove that he intended to place Raulston in fear of *imminent* serious bodily injury. *See* TEX.PENAL CODE ANN. § 22.07(a)(2).

Section 22.07(a)(2) of the Penal Code provides:

(a) A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:

. . . . .

(2) place any person in fear of imminent serious bodily injury.

*Id.* This section requires the accused to have the specific intent to "place any person in fear of imminent serious bodily injury." *Dues,* 634 S.W.2d at 305. As already noted, however, it does not require that the victim or anyone else be actually placed in fear of imminent serious bodily injury. *See id.* The accused's threat of violence, made with the intent to place the victim in fear of imminent serious bodily injury, is what constitutes the offense. *Id.* at 306. The offense is complete if the accused, by his threat, sought as a desired reaction to place a person in fear of imminent serious bodily injury. *Id.*

The Court of Criminal Appeals has defined "imminent," as used in the robbery statute [2], as meaning "near at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *Devine v. State,* 786 S.W.2d 268, 270 (Tex.Crim.App. 1989) (citing BLACK'S LAW DICTIONARY 676 (rev. 5th ed. 1979)). It therefore construed the word "imminent" to require a present and not a future threat of harm. *Id.*

Considering the plain language of section 22.07(a)(2), the legislature clearly intended that the accused must act with the specific intent to "place any person in fear of imminent serious bodily injury." TEX.PENAL CODE ANN. § 22.07(a)(2); *Dues,* 634 S.W.2d at 305. A presumption exists that the legislature intended section 22.07 to be effective in its entirety, which requires us to give meaning and effect to its every word, if reasonably possible. *See* TEX.GOV'T CODE ANN. § 311.021(2) (Vernon 1988) (Code Construction Act).[3]

■ We accept the definition of "imminent," as adopted by the Court of Criminal Appeals in *Devine,* because there is no indication that the legislature intended the word to have one meaning in section 29.02 (robbery) and a different meaning in section 22.07 (terroristic threats). Consequently, by the word's explicit use in section 22.07(a)(2), the legislature clearly intended that Bryant act with the specific intent to place Raulston in fear of serious bodily injury that was "impending" or "close" or "on the point of happening" or "near at hand."

■ The question is whether the evidence is sufficient for a rational jury to find that Bryant acted with the requisite intent. Evidence is sufficient to sustain a conviction if, when viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 316–318, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Joseph v. State,* 897 S.W.2d 374, 376 (Tex.Crim.App.1995). We will measure the sufficiency of the evidence by the charge given. *See Boozer v. State,* 717 S.W.2d 608, 610 (Tex.Crim.App.1984).

Raulston and several of his road crew thought that Bryant was going to harm him at the scene. Thus, there is evidence that Bryant threatened Raulston with an act of violence accompanied by the imminent infliction of harm. There is evidence, then, of a present threat of harm. *See Devine,* 786 S.W.2d at 270. This present threat of imminent violence was charged in count one, but the jury acquitted Bryant under that count. Under the circumstances, we must measure the evidence's sufficiency by the second count.

Considering the evidence in light of count two, a rational jury could find that (1) Bryant intentionally threatened to commit an offense involving violence to Raulston, (2) by stating to Raulston that if he did not grade the road in front of Bryant's house that "he was going to kick [Raulston's] god damn ass." Raulston's testimony, and that of his road crew, is sufficient to establish the first two elements charged. The evidence is insufficient, however, to prove the third element—*i.e.,* that Bryant acted with the specific intent to place

---

2. A person commits robbery if, in the course of committing theft and with intent to obtain or maintain control of the property, he "intentionally or knowingly threatens or places another in fear of imminent bodily injury." TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1994).

3. Section 311.021 of the Code Construction Act applies to the construction of the Texas Penal Code. TEX.PENAL CODE ANN. § 1.05(b) (Vernon 1994).

Raulston in fear of imminent serious bodily injury. There is no evidence that he accompanied the conditional threat embodied in the second element—either you blade my road or I am "going to kick [your] god damn ass"—with a threat of serious bodily injury to be inflicted imminently.[4] The jury could infer Bryant's intent from his acts, words or conduct. *See Dues*, 634 S.W.2d at 305. Based on the evidence before it, when considered in the light of the charge in count two, no rational jury could infer or find from Bryant's acts, words or conduct that he intended Raulston to believe that he would inflict the harmful consequences connected to Raulston's non-performance of a future act—the grading of Bryant's road—at the scene of their confrontation. In other words, there is no evidence that he had the specific intent to place Raulston in fear at that time. Raulston readily admitted that the harmful consequences threatened by Bryant were connected to and conditioned on the non-occurrence of a future event.

Conditioning a threat of harm on the occurrence or non-occurrence of a future event does not necessarily mean that the harmful consequences threatened are not imminent. One must look to the proximity of the threatened harm to the condition. *See Green v. State*, 567 S.W.2d 211, 213 (Tex.Crim.App. [Panel Op.] 1978). In *Green* the robber told his victim, "If you don't give me the money, I'm going to cave your head in." *Id.* at 212. The Court in *Devine* noted that the proximity of the threatened harm in *Green*, although conditioned, was sufficient to prove that the victim was placed in fear of imminent bodily injury. *Devine*, 786 S.W.2d at 270. Here, however, there is no evidence from which the jury could rationally infer from Bryant's words, acts or conduct that the threatened harm was impending or in close proximity to the confrontation. Restating Bryant's threat in the vernacular of the parties, as embodied in count two, Bryant's threat was this: "I'm going to kick your god damn ass in the

future if you don't blade my road in the future." Contrast Bryant's threat of future harm with the conditional threat in *Green:* "If you don't give me the money [right now], I'm going to cave your head in [right now]." There is simply no evidence from which the jury could rationally infer that Bryant acted with the intent to place Raulston in fear of imminent serious bodily injury or, stated another way, that he intended to place Raulston in fear of serious bodily injury that was in close proximity to their confrontation.

Finding that the evidence is insufficient to prove the third element of count two, we sustain point one, reverse the judgment, and render a judgment of acquittal under the second count. We do not reach Bryant's remaining point.

VANCE, J., dissents.

VANCE, Justice, dissenting.

Because we must view the evidence in the light most favorable to the verdict, I would follow the Beaumont Court of Appeals in *Hadnot v. State* and hold that the evidence is sufficient for a rational jury to find that Bryant intended to place Raulston in fear of imminent serious bodily injury—based on the evidence of Bryant's words, gestures, and conduct and on Raulston's testimony. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Matson v. State*, 819 S.W.2d 839, 843 (Tex. Crim.App.1991); *Hadnot v. State*, 884 S.W.2d 922, 924–26 (Tex.App.—Beaumont 1994, no pet).

Raulston testified:

Q. When he got out of his car and approached you, did you feel that you were going to be attacked at that time?

A. Yes, sir.

Q. So you were in fear of imminent serious bodily [in]jury?

---

4. The State argues that, in measuring the sufficiency of the evidence, we should consider evidence showing that Bryant made a direct threat of imminent harm to be inflicted on Raulston at the scene. According to Raulston, Bryant threatened to "drag [him] out of the vehicle and whip [him] right then." We reject this contention

because the jury acquitted Bryant under the first count, which charged a present threat of imminent harm. To consider such evidence in connection with count two, which charged a conditional threat of future violence, would be wholly inconsistent with the court's charge that authorized a conviction under this count.

A. Well, I'm 57 years old and he's, I don't know how old, but he's a whole lot younger, whole lot bigger than I am.

The interpretation of this testimony was for the jury. *See Hadnot,* 884 S.W.2d at 925.

In addition, "[t]he requisite intent can be inferred from the acts, the words, and the conduct of an accused." *Id.* We should not substitute our view of the evidence for that of the jury; we only assure the rationality of the fact finder. *See Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

Because I believe that the evidence is sufficient to support the verdict of the jury, I dissent.