NUMBER
13-03-050-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

TEOFILO NORBERTO FLORES,                                    Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

             On
appeal from the County Court at Law No. 2 

                          of
Cameron County, Texas.

_ 
_________________________________________________________________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant,
Teofilo Norberto Flores, was charged with the offense of terroristic
threat.  See Tex. Pen. Code Ann. ' 22.07(a)(2) (Vernon Supp. 2004-05) (stating
"[a] person commits an offense if he threatens to commit any offense
involving violence to any person or property with intent to . . . place any
person in fear of imminent serious bodily injury").  The jury found appellant guilty of the
charged offense, and the trial court assessed punishment at confinement in the
Cameron County Jail for six months, suspended to twelve months community
supervision.  The trial court has
certified that this case is not a plea bargain case and the defendant has the
right of appeal.  See Tex. R. App. P. 25.2(a)(2).  By twelve issues, Flores complains that the
trial court erred when it (1) allowed the amendment of the information on the
day of trial, (2) refused to include a self-defense instruction in the charge,
(3) refused to declare a mistrial that was based on alleged jury misconduct,
(4) denied his motion for new trial and his motion to reconsider its ruling on
his motion for new trial, (5) allegedly commented on the weight of the
evidence, and (6) admitted an extraneous offense into evidence.  Flores also urges ineffective assistance of
counsel and asks this Court to remand for clarification of the judgment.  We affirm.

I.  Facts

All issues of law
presented by this case are well settled, and the parties are familiar with the
facts.  Therefore, we will not recite the
law or the facts in this memorandum opinion, except as necessary to advise the
parties of the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Analysis

A.  Amendment of Charging Instrument








In his first
issue, Flores complains that the trial court erred in overruling his objection
to the trial court's amendment of the charging instrument on the day the trial
began.[1]  The trial court, however, did not overrule
his objection; it granted his request for an additional ten days to prepare for
trial on the terroristic threat charge.  See
Tex. Code Crim. Proc. Ann. art.
28.10(a) (Vernon 1989) (providing "[o]n the request of the defendant, the
court shall allow the defendant not less than 10 days, or a shorter period if
requested by the defendant, to respond to the amended indictment or
information").  The second charge of
unlawfully carrying a weapon by a concealed handgun license holder was not
amended, however, and was ready for trial. 
Flores elected to proceed to trial on both charges and, thus, waived his
right to additional time to respond to the amended charging instrument.  See id. at art. 1.14(a) (Vernon 2005)
(stating "[t]he defendant in a criminal prosecution for any offense may
waive any rights secured him by law"). 
Flores's first issue is overruled.

B.  Self-Defense

By issues two
through five and issue eight, Flores generally challenges the trial court's
rulings and defense counsel's performance related to self-defense.  More specifically, Flores contends trial
counsel was ineffective because he did not request an instruction on
self-defense, that the evidence was insufficient to disprove self-defense, and
that the trial court's alleged failure to instruct the jury on self-defense was
egregious error.  We disagree.








Self-defense is a
justification defense under chapter nine of the penal code.  See Tex.
Pen. Code Ann. ' 9.31 (Vernon 2003). 
When a defendant categorically denies committing the charged offense,
his argument does not present evidence of a justification defense.  See Young v. State, 991 S.W.2d 835,
839 (Tex. Crim. App. 1999) (en banc) (defense of necessity); East v. State,
76 S.W.3d 736, 738 (Tex. App.BWaco 2002, no pet.) (self‑defense); Gilmore
v. State, 44 S.W.3d 92, 96 (Tex. App.BBeaumont 2001, pet. ref'd) (self‑defense)
("The logical corollary to being entitled to an instruction informing the
jury that the charged conduct was excusable under the law is that the accused
admit to having committed the charged conduct in the first place.").  

Flores testified
that "[he] was just telling [the victim], 'Just stay away from me and my
boy.  I am just leaving.'"  Testimony also revealed that Flores had a gun
in his jacket and that Flores opened his jacket when he advised the victim he
had a gun and would use it if he was attacked. 
Flores testified he did not pull the gun out of his pocket.  Flores pleaded not guilty to the charge of terroristic
threat.  On appeal, Flores continues to
contend that his statements, which he alleges constitute a conditional threat,
do not satisfy the intent element of terroristic threat.  Compare Bryant v. State, 905 S.W.2d
457, 460 (Tex. App.BWaco 1995, pet. ref'd) (concluding there was no
evidence that the conditional threat was accompanied with a threat of serious
bodily injury to be inflicted imminently) with Cook v. State, 940
S.W.2d 344, 348-49 (Tex. App.BAmarillo 1997, pet. ref'd) (holding cumulative
effect of threats gave credence to the jury's finding that appellant intended
to place his victim in fear of imminent serious bodily injury).








We conclude that because
Flores categorically denied committing any offense and continues to do so on
appeal, he was not entitled to a self-defense charge.  See Sanders v. State, 707 S.W.2d 78,
81 (Tex. Crim. App. 1986) (en banc) (concluding that "evidence which
constitutes a defense requires the accused to admit the commission of the
offense, but to justify or excuse his actions so as to absolve him of criminal
responsibility for engaging in conduct which otherwise constitutes a
crime"); Ford v. State, 112 S.W.3d 788, 794 (Tex. App.BHouston [14th Dist.] 2003, no pet.) (holding that to
raise the issue of self-defense, appellant must admit he committed the offense
and then offer self-defense as a justification defense).  The court, therefore, did not err in denying
Flores's requested charge on self-defense, the record does not support his
ineffective assistance claim, and it is unnecessary for us to reach the
sufficiency issues.  We overrule Flores's
second, third, fourth, fifth and eighth issues.

C.  Extraneous Offense

Flores contends
by his sixth issue that the trial court erred in admitting, over objection, a
non-final extraneous offense of unlawfully carrying a weapon.  However, our review of the record reveals
that the trial court did not admit Flores's testimony regarding the extraneous
offense, but rather sustained his objection.

Flores complains
about the following exchange:

State: Were
you ever arrested [for] unlawful carrying of a weapon?

Flores:            Yes,
I was.

Defense








Counsel:
        Your Honor, I am going to have to
object.  Counsel is not B may we approach, Your Honor?

 

The
Court:      You may.  What was the question?

 

(At the Bench, off the record)

 

* * * * *

 

Defense

Counsel:         Your Honor, I
would object to that question, and I will move for a mistrial at this time.

 

The
Court:      I am going to deny the
mistrial.

 

Defense

Counsel:         Will you grant
the objection?

 

The
Court:      I will grant the
objection.  I will sustain the objection.

 

Although Flores
failed to request an instruction to disregard his response that he had been
previously arrested for unlawfully carrying a weapon, he did move for a
mistrial.  Therefore, we construe this
sixth issue as one complaining of the trial court's alleged error in failing to
grant a mistrial.








A mistrial is a
remedy appropriate for a narrow class of highly prejudicial and incurable
errors.  Wood v. State, 18 S.W.3d
642, 648 (Tex. Crim. App. 2000).  In
light of the arguments that were before the trial court at the time it denied a
motion for mistrial, see Wead v. State, 129 S.W.3d 126, 129 (Tex. Crim.
App. 2004), an appellate court reviews the denial under an abuse of discretion
standard.  Ladd v. State, 3 S.W.3d
547, 567 (Tex. Crim. App. 1999).  In this
case, error, if any, in denying the motion for mistrial was not clearly
prejudicial to Flores and of such character as to suggest the impossibility of
withdrawing the impression produced in the minds of the jurors had an
instruction been requested and given.[2]  See id.  Therefore, in light of the arguments before
the trial court when it ruled, the trial court did not abuse its discretion in
denying Flores's motion for mistrial.  We
overrule Flores's sixth issue.

D.  Jury Misconduct

In issue seven,
Flores complains that the trial court erred in denying his request for a
mistrial that was based on jury misconduct. 
Flores asserts that jury deliberations occurred outside the jury
room.  However, the record does not
disclose that any deliberation took place prior to the jury retiring for
deliberations.  It reflects that the
trial court admonished two jurors by saying, "You are not allowed to speak
to each other . . . especially about the case."  Flores's counsel stated that he would object
"if the jurors are discussing the case and not keeping an open
mind."  There is nothing in the
record that establishes the content of the jurors' conversation.  The trial court did not inquire as to the
nature of the jurors' conversation, and no hearing for the purposes of
examining the jurors accused of misconduct was held.  See Granados v. State, 85 S.W.3d 217,
235-37 (Tex. Crim. App. 2002); see also Quinn v. State, 958 S.W.2d 395,
403 (Tex. Crim. App. 1997) (concluding "an inquiry is appropriate to
determine the juror's intent").  We
have nothing presented for our review, therefore, we cannot conclude the trial
court erred in denying Flores's request for a mistrial.  Flores's seventh issue is overruled.








E.  Motion for New Trial

In issues nine
and ten, Flores complains that the trial court erred by denying his motions for
new trial and his motion to reconsider without holding hearings to address counsel's
alleged failure to request a self-defense instruction.  Flores, however, was entitled to a hearing on
his motions for new trial only if the motions and accompanying affidavits
"raise[d] matters not determinable from the record, upon which the accused
could be entitled to relief."  Wallace
v. State, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003) (en banc) (quoting Reyes
v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) (en banc)).

As set out above
in issues two through five and eight, the record from the trial court clearly
reflects Flores denied having committed the offense of terroristic threat, and,
therefore, he was not entitled to a self-defense instruction.  See Ford, 112 S.W.3d at 794.  The trial court did not abuse its discretion
in denying a hearing on his motions.  We
overrule issues nine and ten.

F.  Comment on the Weight of the Evidence








Flores argues, in
his eleventh issue, that the trial court's questioning of Flores constituted a
comment on the weight of the evidence.  However, nothing is presented for our review
because Flores did not object to the complained-of questioning.  See Mestiza v. State, 923 S.W.2d 720,
724 (Tex. App.BCorpus Christi 1996, no pet.) (holding timely proper
objection was necessary to preserve error concerning trial court's comment on
weight of evidence); Lookingbill v. State, 855 S.W.2d 66, 77 (Tex. App.BCorpus Christi 1993, pet ref'd) (holding defendant
must object to judicial comment on evidence at trial in order to preserve error
for appellate review).  Accordingly, we
overrule appellant's eleventh issue.

G.  Pronouncement of Guilt and Re-sentencing

In his twelfth
issue, Flores complains that because the trial court did not formally pronounce
his guilt we should remand for formal pronouncement of guilt and
re-sentencing.  However, without
objection, the trial court, in open court on December 11, 2002, accepted the
jury's finding of guilty and sentenced Flores to six months in jail, probated
the sentence for one year, assessed a fine of $500.00 and court costs, and
ordered sixteen hours of community service. 
See Jones v. State, 795 S.W.2d 199, 201-02 (Tex. Crim. App. 1990)
(A "defendant has been adjudged guilty when the verdict convicting him has
been received and accepted by the trial judge. 
No further ritual or special incantation from the bench is necessary . .
. beyond the pronouncement of sentence as required by law.").  The trial court's order reflecting the above
pronouncement was signed on January 13, 2003. 
We overrule Flores's twelfth issue.

III.  Conclusion

Accordingly, we
affirm the judgment of the trial court.

 

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 18th day of
August, 2005.











[1]The State sought to amend the date
of the incident that formed the basis of the terroristic threat charge from
April 9, 2002 to February 28, 2002.





[2]We note Flores did not request an
instruction.  See Ladd v. State, 3
S.W.3d 547, 567 (Tex. Crim. App. 1999) (setting out that the asking of an
improper question will seldom call for a mistrial, because, in most cases, any
harm can be cured by an instruction to disregard).