NO.
12-06-00034-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      APPEAL FROM THE 

IN THE MATTER OF T.T.,

§                      COUNTY COURT AT LAW #3

A JUVENILE

§                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            T.T.
appeals from a juvenile court order committing him to the Texas Youth Commission.
In two issues, T.T. complains that the evidence is factually and legally
insufficient to support the jury verdict finding the allegations against him to
be true.  The State did not file a brief.  We affirm.

 

Background

            On December 8, 2005, T.T. was in a
theater arts class at John Tyler High School in Tyler, Texas.  The regular teacher was absent and a
substitute teacher was in the classroom. 
There was no lesson plan, and T.T. and his ninth grade classmates were
left to their own devices.  T.T. was
listening to music on a compact disk player. 
Several other students asked him what he was listening to, and he told
them that it was music that he had made. 
They doubted him, and this started an argument between T.T. and several
of the young women seated at his table.  








            T.T. escalated the situation
significantly when he told the young women that he would throw something at
them that would knock them out and cause them to be “crazy” when they
awoke.  Although he was not more
specific, the young women all assumed that he meant to throw darts, presumably
loaded with some chemical, at them.  To
heighten the threat, T.T. pulled on latex gloves, rummaged in his pockets, and
began to count down from “ten.”  The
young women were sufficiently frightened that they went to their teacher for
relief.  When none was forthcoming, they
ran from the classroom to the principal’s office.  

            The police officer stationed at the
school conducted a brief investigation, and the State filed a petition alleging
that T.T. was a delinquent child and that he had committed what would have been
criminal acts had he been an adult.  An amended
petition was filed alleging that T.T. had committed two counts of what would
have been the misdemeanor offense of terroristic threat had he been an
adult.  T.T. denied the allegations, and
a jury trial was held.  The jury found
the allegations to be true.  T.T. had
previously been adjudicated as a delinquent child and committed to the Texas
Youth Commission.  T.T. was on parole
from that institution at the time of this offense, and the trial court ordered
that he be committed to Texas Youth Commission. 
This appeal followed.  

 

Sufficiency of the Evidence

            T.T. contends that the evidence was
legally and factually insufficient to support the decision of the jury.  Specifically, he contends that the evidence
did not show that he acted with the specific intent to place the young women in
imminent fear of serious bodily injury, that the young women were not placed in
fear, and that no reasonable person would have been placed in fear by his
actions.

Standards
of Review

            Even though appeals of juvenile
cases are generally treated as civil matters, adjudications of delinquency are
based on the criminal standard of proof, and we review the sufficiency of the
evidence as we would in a criminal case. 
See Tex. Fam. Code Ann. §
54.03(f) (Vernon Supp. 2006); In re C.M.G., 180 S.W.3d 836, 838
(Tex. App.–Texarkana 2005, pet. denied); In re D.J., No.
12-04-00131-CV, 2005 Tex. App. LEXIS 8151, at *4 n.1 (Tex. App.–Tyler Sept. 30,
2005, no pet.) (mem. op., not designated for publication).  In criminal cases, the due process guarantee
of the Fourteenth Amendment requires that a conviction be supported by legally
sufficient evidence.  See Jackson
v. Virginia, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed.
2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim.
App. 2004); Willis v. State, 192 S.W.3d 585, 592 (Tex. App.–Tyler
2006, pet. ref’d).  Evidence is not
legally sufficient if, when viewing the evidence in a light most favorable to
the verdict, no rational trier of fact could have found the essential elements
of the offense beyond a reasonable doubt. 
See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see
also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

            While legal sufficiency review is
all that is required by the U.S. Constitution, the Texas Court of Criminal
Appeals has determined that the Texas Constitution requires further review of
the factual sufficiency of the evidence. 
Clewis v. State, 922 S.W.2d 126, 129–30 (Tex. Crim. App.
1996).  Our review of the factual
sufficiency of the evidence is without the light most favorable to the verdict,
and we determine whether the evidence supporting the verdict is so obviously
weak as to undermine our confidence in the jury’s determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson v. State,
No. PD–469–05, 2006 Tex. Crim. App. LEXIS 2040, at *39 (Tex. Crim. App. Oct.
18, 2006) (Evidence is factually insufficient only when reviewing court
objectively concludes that the great weight and preponderance of the evidence
contradicts the jury’s verdict.).   Under
either standard, our role is that of appellate review, and the fact finder is
the sole judge of the weight and credibility of a witness’s testimony.  Wesbrook v. State, 29 S.W.3d 103, 111–12
(Tex. Crim. App. 2000).  The fact finder
may choose to believe all, some, or none of a witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).

            As alleged in the amended petition,
the State was required to prove that T.T. threatened to commit an offense
involving violence against a person with the intent to place that person in
fear of imminent serious bodily injury.  Tex. Pen. Code Ann. § 22.07(a)(2)
(Vernon Supp. 2006).  

Analysis

            T.T.’s arguments that the victims
did not fear an assault and that a reasonable person would not have feared an
assault are without merit.  The State was
not required to prove that the victim or any other person was actually placed
in fear of imminent serious bodily injury. 
See Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim.
App. 1982).  Furthermore, the State was
not required to prove that T.T. had the capability or the intention to actually
carry out his threat.  See id.;
In re A.C., 48 S.W.3d 899, 904 (Tex. App.–Fort Worth 2001, pet.
denied).  

            The statute does require, however,
that the State prove that a defendant acted with the specific intent to
threaten imminent harm.  As T.T. points
out, the court of appeals reversed the conviction for terroristic threat in Bryant
v. State, 905 S.W.2d 457 (Tex. App.–Waco 1995, pet. ref’d), where a
citizen informed a county commissioner that he was going to assault the
commissioner unless the road in front of the citizen’s house was graded.  Id. at 458, 460.  The court held that such a threat, under
those circumstances, was not sufficiently imminent because the promised assault
was conditioned on the nonoccurrence of a future event.  Id. at 460. 

            In cases involving other
subdivisions of this statute, courts have held that the requisite intent may be
inferred from the acts, words, or conduct of the accused.  Dues, 634 S.W.2d at 305; In
re C.S., 79 S.W.3d 619, 623 (Tex. App.–Texarkana 2002, no pet.).  In this case, T.T.’s physical actions were
sufficient to demonstrate his intent that his threat to assault the young women
be interpreted as an imminent threat.  In
gauging imminence, we must look to the proximity of the threatened harm to the
condition.  See Williams v. State,
194 S.W.3d 568, 575 (Tex. App.–Houston [14th Dist.] 2006, pet. filed).  Imminent means “near at hand; mediate rather
than immediate; close rather than touching; impending; on the point of
happening; threatening; menacing; perilous.”  Devine v. State, 786 S.W.2d 268, 270
(Tex. Crim. App. 1989) (quoting Black’s
Law Dictionary 676 (rev. 5th ed. 1979)). A threat of violence, made with
the intent to place the victim in fear of imminent serious bodily injury, is
what constitutes this offense.  Dues,
634 S.W.2d at 306.  

            It is true, as T.T. asserts, that he
did not display a weapon in conjunction with his threat.  But displaying a weapon is not the only way
to make a threat imminent.  In fact, counting
down numbers may be a more gripping way to make it plain that something is
about to happen.  At one time movies
began after a short countdown, some parents use a countdown (“I’ll count to
three”) in the discipline of their children, and the launch of a space vehicle
is preceded by a lengthy countdown.  Any
threat anticipates future action, and a countdown that is reaching its end may
be a more reliable gauge of how close the promised action is than almost any
other measure.  To be sure, the
brandishing of a weapon may commit an actor to a course of action more that a
simple countdown would, but the victims in this case were permitted to rely
upon T.T.’s promise of what would happen, and were not required to simply wait
and see if he had a weapon.  As it
happens, the young ladies left when T.T. reached “7.”

            In this case, T.T.’s counting down
heightened rather than dispelled any notion that the assault he promised was
imminent.  Coupled with his preparation
of his hands with latex gloves, T.T.’s actions did at least as much to heighten
the immediacy of his threat as the brandishing of a weapon would have.  The evidence is sufficient for a rational
trier of fact to have found that T.T.’s threat to assault the young women was
imminent, and the evidence is neither too weak to support the verdict nor is it
outweighed by any contrary evidence.  We
overrule T.T.’s first and second issues.

 

Disposition

            We affirm the judgment
of the trial court.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion delivered November 15,
2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)