NO









NO. 12-09-00387-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JAMES LARRY PARNELL,

APPELLANT                                                     '     APPEAL
FROM THE 

 

V.                                                                         '     COUNTY
COURT AT LAW NO. 1 OF

 

THE STATE OF TEXAS,                                 '     ANGELINA
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            James
Larry Parnell appeals his conviction for terroristic threat.  In two issues,
Appellant argues that the evidence is legally and factually insufficient to
support his conviction.  We reverse and render.

 

Background

            Appellant
was charged by information with the offense of terroristic threat.  Appellant
pleaded not guilty.  After a bench trial on guilt, the trial court found
Appellant guilty of the charged offense. The trial court subsequently assessed
Appellant’s punishment at confinement for 365 days and a $1,000 fine, probated
for eighteen months.  This appeal followed.

 

Legal Sufficiency

            In his first issue, Appellant asserts that the
evidence is legally insufficient to support his conviction.  Specifically,
Appellant claims that the evidence is legally insufficient to support the
elements of identity and intent.

Standard of Review

The Due Process Clause of the
United States Constitution requires that a criminal conviction be supported by
a rational trier of fact’s findings that the accused is guilty of every
essential element of a crime beyond a reasonable doubt.  Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (citing Jackson v. Virginia,
443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).  This due process
guarantee is safeguarded when a court reviews the legal sufficiency of the
evidence.  Laster, 275 S.W.3d at 517.  A successful legal
sufficiency challenge will result in rendition of an acquittal by the reviewing
court.  See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S.
Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

“When conducting a legal
sufficiency review, a court must ask whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt–not
whether it believes that the evidence at the trial established guilt beyond a
reasonable doubt.”  Laster, 275 S.W.3d at 517 (internal quotation
marks omitted).  In doing so, appellate courts should assess all of the
evidence in the light most favorable to the prosecution.  Id. 
“[T]his same standard applies equally to circumstantial and direct evidence.”  Id.
at 517-18.  

During such a review, an appellate
court must not usurp the role of the factfinder. Id. at 517.  “Appellate
courts are ill-equipped to weigh the evidence; unlike the factfinder–who can
observe facial expressions and hear voice inflections first-hand–an appellate
court is limited to the cold record.”  Id.  We must bear in mind
that the factfinder is the exclusive judge of the credibility of witnesses and
of the weight to be given their testimony.  See Barnes v. State,
876 S.W.2d 316, 321 (Tex. Crim. App. 1994).  The factfinder is entitled to draw
reasonable inferences from the evidence. See Dudley v. State,
205 S.W.3d 82, 86-87 (Tex. App.—Tyler 2006, no pet.).  Likewise, the reconciliation
of conflicts in the evidence is within the exclusive province of the
factfinder.  See Losada v. State, 721 S.W.2d 305, 309
(Tex. Crim. App. 1986).

Discussion

            In order to commit the offense of terroristic
threat, the accused must have the specific intent to place a person in fear of
imminent serious bodily injury.  Tex.
Penal Code Ann. § 22.07(a)(2) (Vernon Supp. 2009); Dues v.
State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982).  Here, in light of
the charging instrument, it was the State’s burden to present evidence that
“JAMES LARRY PARNELL . . . THREATENED TO ASSAULT DANNY MARCUS with intent . . .
to place . . . DANNY MARCUS . . . in fear of imminent serious bodily injury.”  See
Tex. Penal Code Ann. §
22.07(a)(2); Dues, 634 S.W.2d at 305.  Appellant asserts that the
evidence does not sufficiently demonstrate that he had the requisite intent at
the time he threatened the victim.

            The sole witness at the guilt phase of the
trial was Deputy Danny Marcus of the Angelina County Sheriff’s Department.  He
testified that he was a party to a telephone conversation between himself and
Appellant.  He stated that he identified himself as a police officer. 
Nonetheless, Appellant “was screaming and hollering” and twice told Deputy
Marcus that he would “kick my police officer’s ass.”  Appellant then informed
Deputy Marcus that “if you will come meet me, I will take care of you.”  Deputy
Marcus stated that it was his opinion that Appellant was trying to intimidate
him so that he would not further pursue another offense allegedly committed by
Appellant.

            Deputy Marcus testified that, at the time of
the conversation, he did not know Appellant’s location.  Likewise, Deputy
Marcus did not know Appellant, and had not previously met or spoken with
Appellant.  He admitted that Appellant did not “come and meet [him] at any
point and assault [him] or take any action.”

            The intent required to commit the offense of
terroristic threat can be inferred from the acts, words, and conduct of the
accused.  Dues, 634 S.W.2d at 305.  The accused’s intent cannot
be determined merely from what the victim thought at the time of the offense.  Id. 
“Indeed, for this offense to be completed it is not necessary that the victim
or anyone else was actually placed in fear of imminent serious bodily injury.” 
Id.  Additionally, it is immaterial to the offense whether the
accused had the capability or the intention to carry out his threat.  Id. 
All that is necessary to complete the offense is that the accused, by
his threat, sought as a desired reaction to place a person in fear of imminent
serious bodily injury.  Id. at 306.

            A threatened injury is “imminent” if it is
“near at hand” or “on the verge of happening.”  See Nelson v. State,
No. 12-00-00381-CR, 2002 WL 452111, at *3 (Tex. App.—Tyler Mar. 20, 2002, no
pet.) (not designated for publication) (citing Devine v. State,
786 S.W.2d 268, 270 (Tex. Crim. App. 1989)); see also In re T.T.,
No. 12-06-00034-CV, 2006 WL 3313350, at *2 (Tex. App.—Tyler Nov. 15, 2006, no
pet.) (mem. op.) (“Imminent means ‘near at hand; mediate rather than immediate;
close rather than touching; impending; on the point of happening; threatening;
menacing; perilous.’”).  Conditioning a threat of harm on the occurrence or
nonoccurrence of a future event does not necessarily mean that the harmful
consequences threatened are not imminent.  See Cook v. State, 940
S.W.2d 344, 348 (Tex. App.—Amarillo 1997, pet. ref’d); see also T.T.,
2006 WL 3313350, at *2-3.  Instead, we must look to the proximity of the
threatened harm to the condition.  See T.T., 2006 WL 3313350, at
*2; see also Cook, 940 S.W.2d at 348.

 

For instance, it
would be nonsensical to conclude that, if a person, while using and exhibiting
a deadly weapon, said, “Don’t move or I will shoot,” or, “Give me the money or I
will shoot,” such statements are merely conditional and could not convey a
threat of imminent bodily injury. . . . On the other hand, threatening to kill
a police officer while the defendant was handcuffed would only constitute a
threat of future harm which might occur after the defendant was released from
jail, and [would] not present an “imminent” threat.

 

See Tidwell v. State, 187 S.W.3d 771, 774 (Tex. App.—Texarkana 2006, pet. stricken).

            The Waco court of appeals has addressed a fact
situation similar to the one at hand.  In that case, the defendant, Bryant,
approached a local county commissioner on a roadside during a road repair
operation in the area.  Bryant v. State, 905 S.W.2d
457, 457 (Tex. App.—Waco 1995, pet. ref’d).  The county road in front of Bryant’s
home was in poor condition.  Id.  Bryant was “angry” because an
ambulance, which had recently come to take Bryant’s mother to the hospital
after she suffered a heart attack, was delayed almost an hour due to the road’s
condition.  Id.  When the commissioner responded to Bryant’s
complaint with the comment, “I ain’t no ambulance driver,” Bryant “jumped out
of his vehicle” and went towards the commissioner, who was seated in another
vehicle.  Id. at 458.  Bryant stated to him that if he did not grade
the road in front of Bryant’s house, he was going to “kick [his] god damn ass.”
 Id.  The commissioner believed that Bryant was going to attack
him and said that, during the confrontation, he was in fear of imminent serious
bodily injury.  Id.  Members of the commissioner’s road crew also
witnessed the incident and testified that they believed Bryant was going to
attack the commissioner at that time.  Id.  They described Bryant
as yelling at the commissioner in a loud voice and pointing his finger in his
face.  Id. 

            Because of the procedural history of the case,
the court of appeals considered whether the evidence was legally sufficient to
support a finding of guilt under the following jury charge: 

 

                NOW,
THEREFORE, if you find and believe from the evidence beyond a reasonable doubt
that [Bryant] . . . did then and there intentionally threaten to commit an
offense involving violence to [the commissioner] namely, by stating to [him]
that if [he] did not grade the road in front of [Bryant’s] house that he was
going to kick [his] god damn ass, with intent to place [the commissioner] in
fear of imminent serious bodily injury, you will find [Bryant] guilty of Count
Two of the Information herein as charged.

 

Id.  In light of
the jury charge, the court of appeals stated that there was no evidence from
which the jury could rationally infer from Bryant’s words, acts, or conduct
that the threatened harm was impending or in close proximity to the
confrontation.[1]
 Id. at 460.  “Restating Bryant’s threat in the vernacular of the
parties, as embodied in count two, Bryant’s threat was this: ‘I’m going to kick
your god damn ass in the future if you don’t [grade] my road in the future.’”  Id.
 The court held that there was legally insufficient evidence that Bryant acted
with the specific intent to place the commissioner in fear of imminent serious
bodily injury.  Id. at 459-60.  

            In the case at hand, Appellant, like Bryant,
conditioned his threat to assault upon the occurrence of a future event. 
Specifically, Appellant coupled his threat of future assault with the
invitation for the deputy to “come meet me.”  And, unlike Bryant, Appellant was
not even personally present at the time he threatened Deputy Marcus. 
Considering Appellant’s absence from the location, and the fact that he coupled
his threat of future harm with an invitation to meet in the future, we hold
that no rational trier of fact could have found the essential element of intent
beyond a reasonable doubt.  See id.; cf. Zorn v. State,
222 S.W.3d 1, 3 (Tex. App.—Tyler 2002, pet. dism’d) (finding imminence in
context of face-to-face unconditional threat).  But see Reed v. State,
733 S.W.2d 556, 558 n.4 (Tex. App.—Tyler 1986, pet. ref’d) (finding imminence
in context of face-to-face conditional threat).  Viewing the evidence in the
light most favorable to the prosecution, we hold that the evidence is legally
insufficient to support a finding of guilt.  See Laster, 275
S.W.3d at 517.  Therefore, we sustain Appellant’s first issue.[2]  

 

 

 

 

Disposition

            We
reverse the trial court’s judgment and render a
judgment of acquittal.  See Tibbs, 457 U.S. at 41-42, 102 S. Ct. at 2217-18.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered June 30, 2010.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









                [1]
The jury had acquitted
Bryant of another charge:

 

            NOW, THEREFORE, if you find and believe from the
evidence beyond a reasonable doubt that [Bryant] . . . did then and there
intentionally threaten to commit an offense involving violence to [the
commissioner], namely, by stating to [him] that he was going to whip [his] god
damn ass with intent to place [him] in fear of imminent serious bodily injury,
then you will find [Bryant] guilty as to said Count One of the Information
herein as charged.

 

                Id.

 





                [2]
We do not address
Appellant’s legal sufficiency challenge as to the question of identity.  See
Tex. R. App. P. 47.1.  Likewise,
because our resolution of Appellant’s first issue is dispositive, we do not
consider Appellant’s second issue.  See id.