

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00308-CR

**ANDRIA ANTIONETTE HARRIS,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

---

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 12-03413-CRM-CCL1

---

## MEMORANDUM OPINION

---

Andria Antionette Harris was convicted of the offense of terroristic threat and sentenced to 180 days in jail with a fine of $2,000. *See* TEX. PENAL CODE ANN. § 22.07 (West 2011). Her sentence was suspended and she was placed on community supervision for one year. Because the evidence is sufficient to support the conviction, the trial court's judgment is affirmed.

BACKGROUND

Harris was at the Brazos County Courthouse attending a hearing regarding her mother's violation of the mother's electronic monitor while on house arrest. Placida Ramirez worked for the monitoring company and testified regarding Harris's mother's violations. The mother's house arrest was revoked and she was sent to jail. Ramirez waited until the end of the hearing to leave the courtroom. At that time, Harris and another woman approached Ramirez and threatened to "jump" and "kick [her] ass" when Ramirez left the courthouse. Because of the commotion caused by Harris with Ramirez, the trial court stopped the next proceeding in the courtroom. Ramirez told the trial court about the threat, and Harris was detained.

SUFFICIENCY OF THE EVIDENCE

In her sole issue, Harris contends the evidence was insufficient to prove the offense of terroristic threat. Specifically, Harris contends the evidence was insufficient to prove the threat was imminent or that it was intended to place Ramirez in fear of serious bodily injury.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9,

13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

### Terroristic Threat

A person commits the offense of terroristic threat if the person "threatens to commit any offense involving violence to any person or property with intent to: . . . (2)

place any person in fear of imminent serious bodily injury." TEX. PENAL CODE ANN. § 22.07(a)(2) (West 2011). "Imminent" means "[n]ear at hand; mediate rather than immediate; close rather than touching; impending; on the point of happening; threatening; menacing; perilous." *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (quoting Black's Law Dictionary 676 (5th ed. 1979)); *see also Williams v. State*, 432 S.W.3d 450, 454 (Tex. App.—San Antonio 2014, pet. ref'd). The accused's threat of violence, made with the intent to place the victim in fear of imminent serious bodily injury, is what constitutes the offense. *Dues v. State*, 634 S.W.2d 304, 306 (Tex. Crim. App. [Panel Op.] 1982). Although a victim need not actually be placed in fear of imminent serious bodily injury, "[t]he desired and sought after reaction of the victim, regardless of whether the threat was real or was carried out, is some evidence of the defendant's intent to place the victim in fear of imminent serious injury." *Williams v. State*, 194 S.W.3d 568, 575 (Tex. App.—Houston [14th Dist.] 2006), *aff'd on other grounds*, 252 S.W.3d 353 (Tex. Crim. App. 2008). Further, the requisite intent can be inferred from the acts, words, and conduct of the accused. *Dues*, 634 S.W.2d at 305; *Beltran v. State*, 593 S.W.2d 688 (Tex. Crim. App. [Panel Op.] 1980). Finally, if the extent of bodily injury threatened would not rise to the level of serious bodily injury, the threat of bodily injury would be a class C misdemeanor. TEX. PENAL CODE ANN. § 22.01(a)(2) (West 2011).

*Argument and Evidence*

Harris argues that since her threats were conditioned on the future occurrence of an event, that being Ramirez leaving the courthouse, the evidence is insufficient to prove the threatened injury was *imminent.* She also argues that the evidence was insufficient to establish that the injury threatened was serious bodily injury. However, it is the accused's threat of violence, made with the intent to place the victim in fear of imminent serious bodily injury, which constitutes the offense. There was testimony that Harris and another woman got very close to Ramirez, were "face-to-face," called her a "bitch," and threatened to "jump" her and "kick [her] ass" when she left the courthouse. They were being very loud and were coming towards her. Another person had to pull Harris back from Ramirez. Ramirez was very afraid that she would be attacked when she left the courthouse. She was ready to leave when the hearing was over and Harris approached her while still inside the courtroom. It would have taken her about five minutes to reach the doors to exit the courthouse. Further, there was testimony that an assault could "turn really bad in just a second."

*Summary*

Reviewing the evidence in the light most favorable to the verdict, we find a rational fact finder could have found that (1) Harris's threat of jumping Ramirez or kicking Ramirez's ass was made with the intent to place Ramirez in fear of serious bodily injury; and (2) the very short amount of time and distance necessary to travel

from the courtroom, where the threat was delivered, to the courthouse exit, which was where the serious bodily injury was to occur, made the threat imminent.[1]  Accordingly, the evidence was sufficient to prove the offense of terroristic threat.

**CONCLUSION**

Harris's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 17, 2015
Do not publish
[CR25]



---

[1] This is what primarily distinguished this case from the *Bryant* case relied upon by Harris.  *Bryant v. State*, 905 S.W.2d 457 (Tex. App.—Waco 1995, pet. ref'd).  In *Bryant*, the threat was made with regard to what was going to happen on the next day at some distance from where it was made if a county commissioner failed to make repairs to the road to the defendant's home.  *Id*. 460.