In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00593-CR


____________________



JASON MICHAEL WRIGHT, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 19,452






 MEMORANDUM OPINION


 Jason Michael Wright appeals his conviction for retaliation. He contends the evidence
is legally insufficient to support his conviction and that the jury should have been charged
on terroristic threat, which Wright asserts is a lesser-included offense. We overrule Wright's
issues and affirm the trial court's judgment.

Legal Sufficiency

 In a legal sufficiency review, an appellate court considers all of the evidence in a light
most favorable to the verdict and determines if any rational trier of fact could find the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Evans v. State, 202 S.W.3d 158, 161 (Tex.
Crim. App. 2006). Generally, the trier of fact is the sole judge of the facts proven and of the
weight to be given the testimony. See Lancon v. State, 253 S.W.3d 699, 705, 707 (Tex.
Crim. App. 2008). 

 A person commits the offense of retaliation when "he intentionally or knowingly
harms or threatens to harm another by an unlawful act . . . in retaliation for or on account of
the service or status of another as a . . . prospective witness[.]" Tex. Pen. Code Ann. §
36.06(a)(1)(A) (Vernon Supp. 2008). The indictment alleged that Wright "intentionally or
knowingly threaten[ed] to harm [the complaining witness "C.W."] by an unlawful act in
retaliation for or on account of the services or status of [C.W.] as a prospective witness ...,
said unlawful act being [a] threat to kill [C.W.], and said threat was communicated to [C.W.]
in person[.]"

 Five witnesses testified at trial. The State called C.W. and the two investigating
officers. Wright called Jennifer Carter, Wright's girlfriend both at the time of trial and the
incident, and Josh Norred, a close family friend, who was present at the time of the offense. 
The witnesses' accounts about what had happened are inconsistent. 

 C.W. testified that Carter showed up at his house and said her boyfriend had been
trying to beat her up and she needed a place to stay. C.W. stated that he allowed Carter to
stay overnight at his house because he believed she needed protection from Wright. C.W.
further testified that early the next morning Wright broke into his house, knocked over
furniture and furnishings, and threatened Carter. After C.W. indicated to Wright that he had
called the police, Wright held what appeared to C.W. to be a gun barrel to C.W.'s temple,
and said: "I'll kill you. What did you do, sleep with my old lady?" C.W. replied: "Nobody
slept together here. She was allowed to rest here." According to C.W., Wright threatened
to kill him if the police were involved. The accounts of both investigating officers supported
C.W.'s testimony regarding the appearance of the room where, according to C.W., the
altercation occurred. C.W. told one of the officers during the investigation that Wright had
threatened to kill him several times during the confrontation if he called the police.

 Wright's girlfriend, Carter, gave a different account of the incident at trial than the
earlier account she had given the police. At trial, Carter explained that she stayed with C.W.
following an argument with Wright, and she testified that C.W. had given her drugs. 
According to Carter, when Wright arrived at C.W.'s house, Wright was mad at her because
she "was high." Carter claimed that Wright did not threaten to kill C.W.; instead, she
testified that Wright threatened to beat him up because C.W. gave her drugs. After the
confrontation ended, Carter claimed that C.W. suggested that they should "get our story
straight," and they then discussed what they were going to tell the police. Consistent with
Carter's version of the events, Norred testified that Wright threatened C.W. because he
believed that C.W. gave Carter drugs.

 C.W.'s version of the events differed from the events described at trial by Carter and
Norred. Based on the record before us, the jury could have believed C.W.'s account about
what happened, and reasonably inferred that Wright threatened to kill C.W. based upon
C.W.'s status as a prospective witness. See Ortiz v. State, 93 S.W.3d 79, 86 (Tex. Crim.
App. 2002) ("Any person who is involved in an offense with a defendant, who sees the
defendant committing an offense, or who hears the defendant discuss committing an offense
is a 'prospective witness' in the prosecution of that defendant because he 'may' testify."); see
also Lancon, 253 S.W.3d at 705 ("Appellate courts should afford almost complete deference
to a jury's decision when that decision is based upon an evaluation of credibility."). Further,
in a legal sufficiency review, and despite the inconsistency in the testimony of witnesses, we
are required to view the evidence in the light most favorable to the verdict. See Jackson, 443
U.S. at 319; Evans, 202 S.W.3d at 161. In that light, we conclude that a rational trier of fact
could have found beyond a reasonable doubt that Wright committed the offense of
retaliation. Accordingly, we hold that the evidence is legally sufficient to support the jury's
verdict and overrule Wright's first issue.

Lesser-Included Offense of Terroristic Threat

 In Wright's second issue, he contends the trial court should have instructed the jury
on the lesser-included offense of terroristic threat. Specifically, he argues that there was
evidence that he threatened C.W. based on jealousy and his belief that C.W. had given Carter
drugs: Wright disputes that his threat was related to C.W.'s status as a possible witness.

 Texas courts use a two-step analysis to determine whether a defendant is entitled to
a lesser-included offense instruction. Hall v. State, 225 S.W.3d 524, 528 (Tex. Crim. App.
2007). Step one requires that we determine whether a terroristic threat is a lesser-included
offense of retaliation. Id. at 535. This determination is a question of law and does not
depend on the evidence presented at trial. Id. (1) 

 Under Texas law, an offense is a lesser-included offense if 

 (1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;


 (2) it differs from the offense charged only in the respect that a
less serious injury or risk of injury to the same person, property,
or public interest suffices to establish its commission;


 (3) it differs from the offense charged only in the respect that a
less culpable mental state suffices to establish its commission;
or 


 (4) it consists of an attempt to commit the offense charged or an
otherwise included offense. 

 

Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). 

 Under article 37.09(1), the determination should be made by comparing the elements
of the greater offense, as the State pled it in the indictment, with the elements in the statute
that defines the lesser offense. Hall, 225 S.W.3d at 535-36. The second step of the analysis
then asks "whether there is evidence that supports giving the instruction to the jury." Id. at
536. 

 Applying the first step of Hall, we consider the statutory elements of retaliation as
pled in the indictment. See Hall, 225 S.W.3d at 535-36. Wright's indictment alleges:


 (1) Wright


 (2) intentionally or knowingly threatened to harm C.W. by
threatening to kill C.W. 


 (3) in retaliation for or on account of the service or status of
C.W.


 (4) as a prospective witness,


 (5) by communicating the threat to C.W. in person.


Next, we compare these elements with the statutory elements required to prove terroristic
threat, which are:

 (1) the appellant


 (2) threatens to commit any offense involving violence to any
person or property


 (3) with intent to place any person in fear of imminent serious
bodily injury.


See Tex. Pen. Code Ann. § 22.07(a)(2) (Vernon Supp. 2008); see also Hall, 225 S.W.3d
at 536. 

 Here, the offense of retaliation, as alleged in the indictment, is not dependent upon
proof that Wright intended to place C.W. in fear of being killed. On the other hand, one of
the statutory elements of the offense of terroristic threat requires the actor to seek or desire
that his threat place the victim in fear of imminent serious bodily injury. Thus, we reach the
same conclusion as reached by the Fort Worth Court of Appeals, a "[t]erroristic threat
requires that a person intend to place an individual in fear of imminent serious bodily injury;
retaliation does not." Hudson v. State, No. 2-06-453-CR, 2008 Tex. App. LEXIS 6561, at
**2-3 (Tex. App.-Fort Worth Aug. 26, 2008, no pet.) (mem. op.) (not designated for
publication) (holding that terroristic threat not a lesser-included offense of retaliation in a
case where the defendant, in a letter, threatened to kill the trial judge or his family).

 In this case, we conclude the offense of terroristic threat is not a lesser-included
offense of retaliation. Consequently, we need not conduct the second step articulated by the
court in Hall. 225 S.W.3d at 536. We overrule Wright's second issue and affirm the trial
court's judgment.

 AFFIRMED. 

 ____________________________

 HOLLIS HORTON

 Justice

Submitted on August 6, 2009

Opinion Delivered September 23, 2009

Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Wright relies on Zorn v. State, 222 S.W.3d 1 (Tex. App.-Tyler 2002), pet dism'd,
Zorn v. State, No. PD-0936-02, 2005 Tex. App. LEXIS 10781 (Tex. Crim. App. Dec. 7,
2005) (mem. op.), which in turn relies on Cunningham v. State, 726 S.W.2d 151 (Tex. Crim.
App. 1987), for the proposition that the evidence deduced at trial dictates the analysis of
instructions on lesser-included offenses. In Hall v. State, 225 S.W.3d 524, 535 (Tex. Crim.
App. 2007), the Court of Criminal Appeals clarified the analysis and specifically stated that
the first step of the analysis applies "the pleadings approach" for determining whether a party
is entitled to a lesser-included offense instruction.